1  ARNOLDO CASILLAS, ESQ., SBN 158519
   CHRISTIAN F. PEREIRA, ESQ., SBN 251599
2  CASILLAS & ASSOCIATES
   3500 W. Beverly Blvd.
3  Montebello, CA 90640
   Telephone:  (323) 725-0917
4  Facsimile:   (323) 725-0350
   Email: acasillas@casillaslegal.com
5
   Attorneys for Plaintiffs,
6  ESTATE OF NORMA GUZMAN, by and
   through successors in interest, E.G., a
7  minor, and GLORIA GONZALEZ and
   E.G., a minor by and through his
8  Guardian Ad Litem Gloria Gonzalez and
   GLORIA GONZALEZ, individually
9

10

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13

14  ESTATE OF NORMA GUZMAN, by          )   **Case Number:**
    and through successors in interest,   )
15  E.G., a minor, and GLORIA             )
    GONZALEZ and E.G., a minor by and     )   **COMPLAINT FOR DAMAGES**
16  through his Guardian Ad Litem Gloria   )
    Gonzalez and GLORIA GONZALEZ,         )   1.  Excessive Force/Unreasonable
17  individually,                          )       Seizure (42 U.S.C. § 1983);
                                           )   2.  Municipal Liability for
18              Plaintiffs,                 )       Unconstitutional Custom, Practice,
                                           )       or Policy (42 U.S.C. § 1983);
19              vs.                         )   3.  Substantive Due Process Violation
                                           )       (42 U.S.C. § 1983);
20  CITY OF LOS ANGELES, DOE               )
    OFFICERS 1 THROUGH 5 AND               )
21  DOES 6 THROUGH 10, INCLUSIVE,          )
                                           )   **DEMAND FOR JURY TRIAL**
22              Defendants.                 )
                                           )
23  _____    )

24

25                      **COMPLAINT FOR DAMAGES**

26          COME NOW PLAINTIFFS ESTATE OF NORMA GUZMAN, by and through

27  successors in interest, E.G., a minor, and GLORIA GONZALEZ and E.G., a minor by

28  and through his Guardian Ad Litem Gloria Gonzalez, and GLORIA GONZALEZ,

individually, and allege as follows:

## INTRODUCTION

1.  This civil rights action seeks to establish the true and unequivocal facts surrounding the shooting and killing of Norma Guzman by City of Los Angeles police officers and to establish the violations of fundamental rights under the United States Constitution in connection with the shooting and killing of Norma Guzman on September 27, 2015.

2.  Norma Guzman was a dynamic and loving mother and daughter.  Her death has been a profound and unimaginable loss to her son and mother, the present plaintiffs E.G. and Gloria Gonzalez.

3.  Without reasonable cause defendant DOE OFFICERS shot and killed Norma Guzman from a distance of approximately 10 feet. The shooting was absolutely unjustified and it is plaintiffs' goal to show that the killing of Norma Guzman was a senseless and unwarranted act of police abuse.

## PARTIES

4.  At all relevant times, Norma Guzman ("decedent") was an individual residing in the City of Los Angeles, California. The claims made by the ESTATE OF NORMA GUZMAN, are brought by E.G. and Gloria Gonzalez, the successors in interest to the Estate of Norma Guzman pursuant to California Code of Civil Procedure  § 377.32.

5.  Plaintiff E.G. is and was, at all times relevant hereto, a resident of the City of Los Angeles, and is the natural son of decedent Norma Guzman.

6.  Plaintiff Gloria Gonzalez is and was, at all times relevant hereto, a resident of the City of Los Angeles, and is the mother of decedent Norma Guzman.

7.  Defendant City of Los Angeles (hereafter, "CITY"), is and, at all times mentioned herein, was a public entity, duly organized and existing under and by virtue of the laws of the state of California, with the capacity to sue and be sued.  Defendant CITY is responsible for the actions, omissions, policies,

2

procedures, practices and customs of its various agents and agencies.  At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California.

8.    The City of Los Angeles Police Department (hereinafter "LAPD") is a subdivision of defendant City of Los Angeles.

9.    Defendant DOE Officers 1 through 5 are police officers working for the LAPD.  They are sued in their official and individual capacity.   At all times relevant to the present action, defendant DOE Officers 1 through 5 were acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant CITY and the LAPD, as well as under the color of the statutes and regulations of the State of California.

10.    At all relevant times, each of DOES 6 through 10 were  employees of the LAPD. At all times relevant herein, each of DOES 6 through 10 was an employee and/or agent of defendant CITY and he or she acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY and the LAPD, as well as under the color of the statutes and regulations of the State of California.

11.    At all relevant times, each of the Defendants DOES 6 through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of CITY and are sued in their individual capacities.

12.    On information and belief, at all relevant times, defendant DOE Officers 1 through 5 and DOES 6 through 10, inclusive, were residents of City of Los Angeles, California.

13.    The true names of defendants DOE Officers 1 through 5 and DOES 6 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these

defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

14.   Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' and decedent's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained.  Each of the Defendants is the agent of the other.

## JURISDICTION AND VENUE

15.   This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

16.   Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, City of Los Angeles, California.

4

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18. Norma Guzman was 37 years old at the time of her death.  She was known in the community as someone who suffered from mental illness.  Norma Guzman was also known in the community to be completely harmless.

19. On Sunday, September 27, 2015, at approximately, 9:30 a.m., and unknown person called 911 reporting someone in the area of East 22nd Street and South San Pedro, South Los Angeles acting irregularly.  Defendant DOE Officers 1 and 2 approached the area on northbound S. San Pedro, stopping their vehicle in the number 2 lane just north of East 22nd Street adjacent to two parked vehicles.

20. Both officers exited the vehicle, immediately drawing their weapons.  The passenger officer, DOE Officer 1, positioned himself behind the first parked vehicle at or near the trunk pointing his firearm at Norma Guzman. DOE Officer 1 then ordered Norma Guzman to approach.  She complied and walked towards the officers as ordered.  The driver officer, DOE Officer 2, walked around the back of his police vehicle and positioned himself behind the first officer also pointing his gun towards Norma Guzman.  Norma Guzman walked slowly, and in a semi-stumbling and non-threatening fashion, southbound on the sidewalk of San Pedro Street.  As she neared the location of the officers, DOE Officer 1, without cause or provocation, fired his semi-automatic weapon twice at Norma Guzman.  Immediately thereafter, DOE Officer 2 also fired his semi-automatic weapon twice at Norma Guzman. Following the shooting, Norma Guzman immediately fell back onto the sidewalk.  The entire incident, from the time the officers exited the vehicle to the time Norma Guzman fell back onto the sidewalk, took

5

1    place within 10 seconds.

2  21.  There were no persons standing in the vicinity of the DOE officers and

3    Norma Guzman did not threaten or otherwise pose an immediate threat of

4    death or serious bodily injury to defendant DOE officers.  There was no

5    reasonable basis for them to shoot her.

6  22.  The gunshots that struck Norma Guzman caused her great pain and suffering.

7    Some time after being shot, she died on the street where she fell, however,

8    she was taken to a nearby hospital where she was pronounced dead.

9  **FIRST CLAIM FOR RELIEF**

10  **Excessive Force/Unreasonable Seizure**

11  **42 U.S.C. § 1983**

12  **Against Defendants DOE Officers 1 through 5**

13  23.  Plaintiff Estate of Norma Guzman, by and through successors in interest,

14    E.G., a minor, and Gloria Gonzalez, repeats and re-alleges each and every

15    allegation in paragraphs 1 through 22 of this Complaint with the same force

16    and effect as if fully set forth herein.

17  24.  At the time that Norma Guzman was shot, she was not engaging in, nor had

18    she engaged in, any assaultive or threatening conduct.  Under the totality of

19    the relevant circumstances that existed, she posed no danger or threat to

20    defendant DOE Officers or anyone else.  The shooting and killing of Norma

21    Guzman was unreasonable under the circumstances in every respect.

22  25.  When defendant DOE Officers shot and killed Norma Guzman, they violated

23    Norma Guzman's right to be free from unreasonable seizures as guaranteed

24    under the Fourth Amendment to the United States Constitution.

25  26.  After being shot by DOE Officers, Norma Guzman endured great physical

26    and emotional pain and suffering.

27  27.  DOE Officers' shooting and killing of Norma Guzman was willful and done

28    with a deliberate disregard for the rights and safety of Norma Guzman and,

6

therefore, warrants the imposition of punitive damages as to defendant DOE Officers 1 through 5.

## SECOND CLAIM FOR RELIEF
### Municipal Liability for Unconstitutional
### Customs and Practices
### 42 U.S.C. § 1983
### Against Defendants City of Los Angeles and DOES 6 through 10

28.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as though fully set forth herein.

29.   On and before September 27, 2015, and prior to the shooting of Norma Guzman, Defendant City of Los Angeles and DOES 6 through 10 were aware that Defendant DOE Officers 1 through 5, and various other LAPD officers, had not received proper and necessary training in safely dealing with and managing persons with mental illnesses.

30.   Defendants City of Los Angeles and DOES 5 through 10, acting with deliberate indifference to the rights and liberties of the public in general, and of the present plaintiffs and decedent, and of persons in their class, situation and comparable position, knowingly allowed officers to undertake patrol in the City of Los Angeles without proper training in the handling of persons with mental illness.  Said defendants knew that such untrained officers would encounter persons with mental illnesses and would respond with inappropriate and excessive force.

31.   By reason of the aforementioned custom and practice, Norma Guzman was severely injured and subjected to pain and suffering and lost her life.

32.   Defendants CITY and DOES 6 through 10 together with various other officials, whether named or unnamed, had either actual or constructive

1  knowledge of the deficient practice and custom alleged in the paragraphs
2  above.  Despite having knowledge as stated above these defendants
3  condoned, tolerated and through actions and inactions thereby ratified such
4  custom and practice.  Said defendants also acted with deliberate indifference
5  to the foreseeable effects and consequences of these custom/practice with
6  respect to the constitutional rights of decedent, Plaintiffs, and other
7  individuals similarly situated.

8  33.  This practice and custom implemented and maintained and still tolerated by
9  Defendant CITY were affirmatively linked to and were a significantly
10  influential force behind the injuries of decedent and Plaintiffs.

11  34.  By reason of the aforementioned acts and omissions Norma Guzman was
12  killed and her son and mother suffered the loss of her love, affection, society
13  and moral support.

14  35.  Accordingly, Defendant CITY and DOES 6 through 10 are liable to
15  Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

16  **THIRD CLAIM FOR RELIEF**
17  **Interference with Familial Integrity**
18  **Substantive Due Process Violation**
19  **42 U.S.C. § 1983**
20  **Against Defendants City of Los Angeles,**
21  **and DOES 1 through 10**

22  36.  Plaintiffs E.G. and Gloria Gonzalez repeat and re-allege each and every
23  allegation in paragraphs 1 through 35 of this Complaint with the same force
24  and effect as if fully set forth herein.

25  37.  The present claim is brought pursuant to 42 U.S.C., section 1983, for
26  violation of the right of familial integrity guaranteed by the Fourteenth
27  Amendment of the U.S. Constitution.

28  38.  As alleged above, the shooting of Norma Guzman was unreasonable under

8

the circumstances of the encounter between Norma Guzman and Defendant DOE Officers 1 through 5.  As such, the shooting and killing of Norma Guzman violated the constitutional limits on police use of deadly force; i.e., the Fourth Amendment's limits on unreasonable seizures.

39.   At the same time, the shooting and killing of Norma Guzman by DOE Officers 1 through 5 violated the rights of E.G.  and Gloria Gonzalez to be free from police interference in their relationship with Norma Guzman.

40.   The unreasonable conduct of DOE Officers was the direct and proximate cause of the death of Norma Guzman.  As a result of the unreasonable conduct of DOE Officers , plaintiffs E.G.  and Gloria Gonzalez lost Norma Guzman as well as her love, affection, society and moral support.

41.   DOE Officers' shooting and killing of Norma Guzman was willful and done with a deliberate disregard for the rights and safety of Norma Guzman and therefore warrants the imposition of punitive damages as to defendants Doe Officers 1 through 5.

42.   DOE Officers' shooting and killing of Norma Guzman was willful and done with a deliberate disregard for the rights of E.G. and Gloria Gonzalez and therefore warrants the imposition of punitive damages as to defendant DOE Officers 1 through 5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs  requests entry of judgment in their favor and against Defendants as follows:

A.   For compensatory damages in the amount to be proven at trial;

B.   For punitive damages against defendant DOE Officers 1 through 5 in an amount to be proven at trial;

C.   For interest;

D.   For reasonable costs of this suit and attorneys' fees, including attorneys fees pursuant to 42 U.S.C. § 1988; and;

9

1       E.     For such further other relief as the Court may deem just, proper, and

2            appropriate.

3   Respectfully Submitted,

4   Dated: October 8, 2015        CASILLAS & ASSOCIATES

5

6                     By      /s/ *Arnoldo Casillas*

7                       ARNOLDO CASILLAS
                    ATTORNEY FOR PLAINTIFFS

8                       ESTATE OF NORMA GUZMAN by and
                    through successors in interest E.G. and Gloria

9                       Gonzalez, and E.G., a minor, by and through
                    his Guardian Ad Litem, Gloria Gonzalez and
                    Gloria Gonzalez, individually

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2      COME NOW PLAINTIFFS ESTATE OF NORMA GUZMAN, E.G., and

3   GLORIA GONZALEZ and demand a trial by jury.

4

5   Dated: October 8, 2015              CASILLAS & ASSOCIATES

6

7                                       By_____/s/ _Arnoldo Casillas_____
                                            ARNOLDO CASILLAS
8                                           ATTORNEY FOR PLAINTIFFS
                                            ESTATE OF NORMA GUZMAN by and
9                                           through successors in interest E.G. and Gloria
                                            Gonzalez, and E.G., a minor, by and through
10                                          his Guardian Ad Litem, Gloria Gonzalez and
                                            Gloria Gonzalez, individually

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28