1   James R. Touchstone, SBN 184584
    jrt@jones-mayer.com
2   Denise L. Rocawich, SBN 232792
    dlr@jones-mayer.com
3   Carmen Vasquez, SBN 231473
    cv@jones-mayer.com
4   JONES & MAYER
    3777 North Harbor Boulevard
5   Fullerton, CA 92835
    Telephone:  (714) 446-1400
6   Facsimile:  (714) 446-1448

7   Attorneys for Defendant
    OFFICER SAMUEL BRIGGS
8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  ESTATE OF NORMA GUZMAN,           Lead Case No.  CV15-07932 JAK (FFMx)
    by and through successor in interest   Consolidated w/: CV16-03101 JAK(FFMx)
13  GLORIA GONZALEZ, individually,

14          Plaintiff,                 *Hon. John A. Kronstadt - Crtrm 750*
                                       *Hon. Magistrate Judge: Frederick F. Mumm*
15          v.

16  CITY OF LOS ANGELES; DOE          **OFFICER SAMUEL BRIGGS'**
    OFFICERS 1 through 5 and DOES 6   **ANSWSER TO FIRST AMENDED**
17  through 10, INCLUSIVE and DOES    **COMPLAINT FOR DAMAGES**
    1 through 10,
18
            Defendants.
19

20
    AND CONSOLIDATED ACTION.
21

22

23

24

25

26

27

28

- 1 -
ANSWER TO FIRST AMENDED COMPLAINT

1

## ANSWER TO FIRST AMENDED COMPLAINT

2      Answering Plaintiffs' First Amended Complaint for (1) Violation of 42

3 U.S.C. § 1983 [Excessive Force]; (2) Violation of 42 U.S.C. § 1983 [Municipal

4 Liability for Unconstitutional Custom, Practice or Policy]; (3) Wrongful

5 Death/Survival Action [Assault and Battery]; (4) Wrongful Death/Survival Action

6 [Negligence]; (5) Violation of Ralph Civil Rights Act Civil Code § 51.7; (6)

7 Violation of Bane Civil Rights Act § 51.2; and (7) Negligent Hiring and

8 Supervision, Defendant Samuel Briggs admits, denies and alleges as follows:

9

10

## INTRODUCTION

11     1.    Answering paragraph 1 of the First Amended Complaint, insofar as the

12 allegations of this paragraph contain legal conclusions, no answer is required.  To

13 the extent an answer is required, Officer Briggs admits that one or more Los

14 Angeles Police Officers fired at Norma Guzman on September 27, 2015 thereby

15 killing her. Except as so expressly admitted, Officer Briggs denies each and every

16 allegation contained in paragraph 1 of the First Amended Complaint.

17

18

## JURISDICTION

19     2.    Answering paragraph 2 of the First Amended Complaint, insofar as the

20 allegations of this paragraph contain legal conclusions, no answer is required. To

21 the extent an answer is required, the City admits that this Court has subject-matter

22 jurisdiction over this case insofar as this case arises under 42 U.S.C. § 1983 and

23 supplemental jurisdiction over the state-law claims. Except as so admitted, the City

24 denies each and every allegation contained in paragraph 2 of the First Amended

25 Complaint.

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT

## **PARTIES**

3.     Answering paragraph 3 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

4.     Answering paragraph 4 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

5.     Answering paragraph 5 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

6.     Answering paragraph 6 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officer Briggs admits that he was employed by the Los Angeles Police Department on September 27, 2015. Except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 6 of the First Amended Complaint.

7.     Answering paragraph 6 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officer Briggs admits that Officer McNeely was employed by the Los Angeles Police Department on September 27, 2015. Except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 7 of the First Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT

8.     Answering paragraph 8 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officer Briggs admits that the City of Los Angeles is a municipality and the employer of Officer Briggs and Officer McNeely on September 27, 2015. Except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 8 of the First Amended Complaint.

9.     Answering paragraph 9 of the First Amended Complaint, Officer Briggs admits that the Los Angeles Police Department is a department and subdivision of the City of Los Angeles. Except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 9 of the First Amended Complaint.

10.     Answering paragraph 10 of the First Amended Complaint, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

11.     Answering paragraph 11 of the First Amended Complaint, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

## **FACTUAL ALLEGATIONS**

12.     Answering paragraph 12 of the First Amended Complaint, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

13.     Answering paragraph 13 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that he was employed by

- 4 -

ANSWER TO FIRST AMENDED COMPLAINT

the Los Angeles Police Department on September 27, 2015. Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was holding a knife and screaming at the owner of a business located at 2120 South San Pedro Street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so expressly admitted, Officer Briggs denies each and every allegations contained in paragraph 13.

14.     Answering paragraph 14 of the First Amended Complaint, Officer Briggs denies that the 911 call was placed anonymously. Officer Briggs admits the remaining allegations contained in paragraph 14.

15.     Answering paragraph 15 of the First Amended Complaint, Officer Briggs denies each and every allegation therein.

16.     Answering paragraph 16 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was holding a knife and screaming at the owner of a business located at 2120 South San Pedro Street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 16.

17.     Answering paragraph 17 of the First Amended Complaint, as to the allegations regarding knowledge held by Officer McNeely, the City, LAPD or DOE Defendants, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations. As to Officer Briggs' knowledge, Officer Briggs denies that decedent was known, in any way, to Officer Briggs prior to September 27, 2015. As to the

ANSWER TO FIRST AMENDED COMPLAINT

remaining allegations, Officer Briggs denies each and every allegation contained in paragraph 17.

18.     Answering paragraph 18 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 18.

19.     Answering paragraph 19 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 19.

20.     Answering paragraph 20 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 20.

21.     Answering paragraph 21 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 21.

22.     Answering paragraph 22 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 22.

23.     Answering paragraph 23 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

ANSWER TO FIRST AMENDED COMPLAINT

24.     Answering paragraph 24 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, as to the allegations regarding persons other than Officer Briggs, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations. As to the remaining allegations regarding Officer Briggs, Officer Briggs denies each and every allegation contained in paragraph 24.

25.     Answering paragraph 25 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, as to the allegations regarding persons other than Officer Briggs, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations. As to the remaining allegations regarding Officer Briggs, Officer Briggs denies each and every allegation contained in paragraph 25.

## **FIRST CAUSE OF ACTION**

26.     Paragraph 26 of the First Amended Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 26, Officer Briggs incorporates its respective admissions and denials to each such paragraph enumerated above.

27.     Answering paragraph 27 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

28.     Answering paragraph 28 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, as to the allegations regarding persons other

ANSWER TO FIRST AMENDED COMPLAINT

than Officer Briggs, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations. As to the remaining allegations regarding Officer Briggs, Officer Briggs denies each and every allegation contained in paragraph 28.

29.     Answering paragraph 29 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was armed with a knife and screaming on the street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 29.

30.     Answering paragraph 30 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was armed with a knife and screaming on the street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 30.

31.     Answering paragraph 31 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained within paragraph 31.

32.     Answering paragraph 32 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.

1   To the extent an answer is required, Officer Briggs denies each and every allegation
2   contained in paragraph 32.

3        33.    Answering paragraph 33 of the First Amended Complaint, as to the
4   allegations regarding knowledge held by Officer McNeely, the City, LAPD or DOE
5   Defendants, Officer Briggs is without sufficient knowledge or information to form
6   a belief as to the truth of those allegations, and on that basis denies those
7   allegations. As to Officer Briggs' knowledge, Officer Briggs denies that decedent
8   was known, in any way, to Officer Briggs prior to September 27, 2015. As to the
9   remaining allegations, Officer Briggs denies each and every allegation contained in
10  paragraph 33.

11       34.    Answering paragraph 34 of the First Amended Complaint, insofar as
12  the allegations of this paragraph contain legal conclusions, no answer is required.
13  To the extent an answer is required, Officer Briggs denies each and every allegation
14  contained in paragraph 34.

15       35.    Answering paragraph 35 of the First Amended Complaint, insofar as
16  the allegations of this paragraph contain legal conclusions, no answer is required.
17  To the extent an answer is required, Officer Briggs is without sufficient knowledge
18  or information to form a belief as to the truth of the allegations, and on that basis
19  denies each and every allegation contained therein.

20       36.    Answering paragraph 36 of the First Amended Complaint, insofar as
21  the allegations of this paragraph contain legal conclusions, no answer is required.
22  To the extent an answer is required, Officer Briggs is without sufficient knowledge
23  or information to form a belief as to the truth of the allegations, and on that basis
24  denies each and every allegation contained therein.

25       37.    Answering paragraph 37 of the First Amended Complaint, insofar as
26  the allegations of this paragraph contain legal conclusions, no answer is required.
27  To the extent an answer is required, Officer Briggs denies each and every allegation
28  contained in paragraph 37.

ANSWER TO FIRST AMENDED COMPLAINT

38.     Answering paragraph 38 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 38.

## SECOND CAUSE OF ACTION

39.     Paragraph 39 of the First Amended Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 39, Officer Briggs incorporates its respective admissions and denials to each such paragraph enumerated above.

40.     Answering paragraph 40 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

41.     Answering paragraph 41 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

42.     Answering paragraph 42 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

43.     Answering paragraph 43 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation

1  contained in paragraph 43 of the First Amended Complaint.

2      44.     Answering paragraph 44 of the First Amended Complaint, insofar as
3  the allegations of this paragraph contain legal conclusions, no answer is required.
4  To the extent an answer is required, Officer Briggs is without sufficient knowledge
5  or information to form a belief as to the truth of the allegations and on that basis
6  denies each and every allegation contained therein.

7      45.     Answering paragraph 45 of the First Amended Complaint, insofar as
8  the allegations of this paragraph contain legal conclusions, no answer is required.
9  To the extent an answer is required, Officer Briggs is without sufficient knowledge
10  or information to form a belief as to the truth of the allegations and on that basis
11  denies each and every allegation contained therein.

12      46.     Answering paragraph 46 of the First Amended Complaint, insofar as
13  the allegations of this paragraph contain legal conclusions, no answer is required.
14  To the extent an answer is required, Officer Briggs is without sufficient knowledge
15  or information to form a belief as to the truth of the allegations and on that basis
16  denies each and every allegation contained therein.

17      47.     Answering paragraph 47 of the First Amended Complaint, insofar as
18  the allegations of this paragraph contain legal conclusions, no answer is required.
19  To the extent an answer is required, Officer Briggs is without sufficient knowledge
20  or information to form a belief as to the truth of the allegations and on that basis
21  denies each and every allegation contained therein.

22      48.     Answering paragraph 48 of the First Amended Complaint, insofar as
23  the allegations of this paragraph contain legal conclusions, no answer is required.
24  To the extent an answer is required, Officer Briggs is without sufficient knowledge
25  or information to form a belief as to the truth of the allegations and on that basis
26  denies each and every allegation contained therein.

27      49.     Answering paragraph 49 of the First Amended Complaint, insofar as
28  the allegations of this paragraph contain legal conclusions, no answer is required.

To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

### **THIRD CAUSE OF ACTION**

50.     Paragraph 50 of the First Amended Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 50, Officer Briggs incorporates its respective admissions and denials to each such paragraph enumerated above.

51.     Answering paragraph 51 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that he was employed by the Los Angeles Police Department on September 27, 2015. Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was holding a knife and screaming at the owner of a business located at 2120 South San Pedro Street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so expressly admitted, Officer Briggs denies each and every allegations contained in paragraph 51.

52.     Answering paragraph 52 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that he was employed by the Los Angeles Police Department on September 27, 2015. Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was holding a knife and screaming at the owner of a business located at 2120 South San Pedro Street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma

1   Guzman thereby killing her. As to the remaining allegations and except as so
2   expressly admitted, Officer Briggs denies each and every allegations contained in
3   paragraph 52.

4         53.    Answering paragraph 53 of the First Amended Complaint, insofar as
5   the allegations of this paragraph contain legal conclusions, no answer is required.
6   To the extent an answer is required, Officer Briggs admits that he was employed by
7   the Los Angeles Police Department on September 27, 2015. Officer Briggs admits
8   that LAPD Officers were involved in a confrontation with Norma Guzman resulting
9   from a 911 call that she was holding a knife and screaming at the owner of a
10  business located at 2120 South San Pedro Street. Officer Briggs further admits that
11  at the conclusion of the confrontation, one or more LAPD Officers fired at Norma
12  Guzman thereby killing her. As to the remaining allegations and except as so
13  expressly admitted, Officer Briggs denies each and every allegations contained in
14  paragraph 53.

15        54.    Answering paragraph 54 of the First Amended Complaint, insofar as
16  the allegations of this paragraph contain legal conclusions, no answer is required.
17  To the extent an answer is required, Officer Briggs denies each and every allegation
18  contained in paragraph 54.

19        55.    Answering paragraph 55 of the First Amended Complaint, insofar as
20  the allegations of this paragraph contain legal conclusions, no answer is required.
21  To the extent an answer is required, Officer Briggs is without sufficient knowledge
22  or information to form a belief as to the truth of the allegations and on that basis
23  denies each and every allegation contained therein.

24        56.    Answering paragraph 56 of the First Amended Complaint, insofar as
25  the allegations of this paragraph contain legal conclusions, no answer is required.
26  To the extent an answer is required, Officer Briggs admits that he was employed by
27  the Los Angeles Police Department on September 27, 2015. Officer Briggs admits
28  that LAPD Officers were involved in a confrontation with Norma Guzman resulting

1   from a 911 call that she was holding a knife and screaming at the owner of a

2   business located at 2120 South San Pedro Street. Officer Briggs further admits that

3   at the conclusion of the confrontation, one or more LAPD Officers fired at Norma

4   Guzman thereby killing her. As to the remaining allegations and except as so

5   expressly admitted, Officer Briggs denies each and every allegations contained in

6   paragraph 56.

7                           **FOURTH CAUSE OF ACTION**

8            57.    Paragraph 57 of the First Amended Complaint merely incorporates by

9   reference the allegations of previous paragraphs.  In answering paragraph 57,

10  Officer Briggs incorporates its respective admissions and denials to each such

11  paragraph enumerated above.

12           58.    Answering paragraph 58 of the First Amended Complaint, insofar as

13  the allegations of this paragraph contain legal conclusions, no answer is required.

14  To the extent an answer is required, Officer Briggs admits that he was employed by

15  the Los Angeles Police Department on September 27, 2015. Officer Briggs admits

16  that LAPD Officers were involved in a confrontation with Norma Guzman resulting

17  from a 911 call that she was holding a knife and screaming at the owner of a

18  business located at 2120 South San Pedro Street. Officer Briggs further admits that

19  at the conclusion of the confrontation, one or more LAPD Officers fired at Norma

20  Guzman thereby killing her. As to the remaining allegations and except as so

21  expressly admitted, Officer Briggs denies each and every allegation contained in

22  paragraph 58.

23           59.    Answering paragraph 59 of the First Amended Complaint, insofar as

24  the allegations of this paragraph contain legal conclusions, no answer is required.

25  To the extent an answer is required, Officer Briggs denies each and every allegation

26  contained in paragraph 59.

27           60.    Answering paragraph 60 of the First Amended Complaint, insofar as

28  the allegations of this paragraph contain legal conclusions, no answer is required.

1  To the extent an answer is required, Officer Briggs denies each and every allegation
2  contained in paragraph 60.

3      61.    Answering paragraph 61 of the First Amended Complaint, insofar as
4  the allegations of this paragraph contain legal conclusions, no answer is required.
5  To the extent an answer is required, Officer Briggs denies each and every allegation
6  contained in paragraph 61.

7      62.    Answering paragraph 62 of the First Amended Complaint, insofar as
8  the allegations of this paragraph contain legal conclusions, no answer is required.
9  To the extent an answer is required, Officer Briggs denies each and every allegation
10 contained in paragraph 62.

11

12              **FIFTH CAUSE OF ACTION**

13     63.    Paragraph 63 of the First Amended Complaint merely incorporates by
14 reference the allegations of previous paragraphs.  In answering paragraph 63,
15 Officer Briggs incorporates its respective admissions and denials to each such
16 paragraph enumerated above.

17     64.    Answering paragraph 64 of the First Amended Complaint, insofar as
18 the allegations of this paragraph contain legal conclusions, no answer is required.
19 To the extent an answer is required, Officer Briggs denies each and every allegation
20 contained in paragraph 64.

21     65.    Answering paragraph 65 of the First Amended Complaint, insofar as
22 the allegations of this paragraph contain legal conclusions, no answer is required.
23 To the extent an answer is required, Officer Briggs denies each and every allegation
24 contained in paragraph 65.

25     66.    Answering paragraph 66 of the First Amended Complaint, insofar as
26 the allegations of this paragraph contain legal conclusions, no answer is required.
27 To the extent an answer is required, Officer Briggs denies each and every allegation
28 contained in paragraph 66.

ANSWER TO FIRST AMENDED COMPLAINT

67.     Answering paragraph 67 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 67.

68.     Answering paragraph 68 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 68.

## **SIXTH CAUSE OF ACTION**

69.     Paragraph 69 of the First Amended Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 69, Officer Briggs incorporates its respective admissions and denials to each such paragraph enumerated above.

70.     Answering paragraph 70 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 70.

71.     Answering paragraph 71 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 71.

## **SEVENTH CAUSE OF ACTION**

72.     Paragraph 72 of the First Amended Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 72, Officer Briggs incorporates its respective admissions and denials to each such paragraph enumerated above.

73.     Answering paragraph 73 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 73.

74.     Answering paragraph 74 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

75.     Answering paragraph 75 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

76.     Answering paragraph 76 of the First Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

In addition to each of the admissions and denials set forth above, Officer Briggs asserts the following affirmative defenses.  The assertion of an affirmative defense shall not negate, by any means, Plaintiffs' burden of proof on any element of their claims.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

Officer Briggs alleges that neither the First Amended Complaint, nor any claim for relief asserted therein, asserts facts sufficient to constitute a claim against Officer Briggs.

### SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk)

Officer Briggs alleges Norma Guzman voluntarily assumed all risks, responsibility and liability for the alleged injuries or damages, if any, sustained by Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

(Claims Barred by Govt. Code § 820.2)

Officer Briggs alleges that each and every state law claim for relief contained in Plaintiffs' First Amended Complaint is barred by the provisions of Government Code section 820.2. Specifically, except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

### FOURTH AFFIRMATIVE DEFENSE

(Claims Barred by Govt. Code § 820.4)

Officer Briggs alleges that each and every state law claim for relief contained in Plaintiffs' First Amended Complaint is barred by the provisions of Government Code section 820.4. Specifically, a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

**FIFTH AFFIRMATIVE DEFENSE**

(Claims Barred by Govt. Code § 820.8)

Officer Briggs alleges that each and every state law claim for relief contained in Plaintiffs' First Amended Complaint is barred by the provisions of Government Code section 820.8. Specifically, except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.

**SIXTH AFFIRMATIVE DEFENSE**

(Claims Barred by Govt. Code § 845)

Officer Briggs alleges that each and every state law claim for relief contained in Plaintiffs' First Amended Complaint is barred by the provisions of Government Code section 845. Specifically, neither a public entity nor a public employee is liable for failure to establish a police department or otherwise to provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service.

**SEVENTH AFFIRMATIVE DEFENSE**

(Claims Barred by Govt. Code § 845.8)

Officer Briggs alleges that each and every state-law claim for relief contained in Plaintiffs' First Amended Complaint is barred by the provision of Government Code section 845.8. Specifically, neither a public entity, nor a public employee is liable for any injury caused by (1) an escaping or escaped prisoner; (2) an escaping or escaped arrested person; or (3) a person resisting arrest.

**EIGHTH AFFIRMATIVE DEFENSE**

(Claims Barred by Govt. Code § 845.6)

Officer Briggs alleges that each and every state-law claim for relief contained in Plaintiffs' First Amended Complaint is barred by the provision of Government

- 19 -

1   Code section 845.6.  Specifically, neither a public entity, nor a public employee is

2   liable for any injury proximately caused by the failure of the employee to furnish or

3   obtain medical care for a prisoner in his custody

4

5   ### NINTH AFFIRMATIVE DEFENSE

6   (Claims Barred by Govt. Code § 855.6)

7   Officer Briggs alleges that each and every state-law claim for relief contained

8   in Plaintiffs' First Amended Complaint is barred by the provision of Government

9   Code section 855.6.  Specifically, neither a public entity, nor a public employee is

10  liable for any injury proximately caused by the failure to make a physical or mental

11  examination, or to make an adequate physical or mental examination, of any person

12  for the purpose of determining whether such person has a disease or physical or

13  mental condition that would constitute a hazard to the health or safety of himself or

14  others.

15

16  ### TENTH AFFIRMATIVE DEFENSE

17  (Claims Barred by Govt. Code § 856.4)

18  Officer Briggs alleges that each and every state-law claim for relief contained

19  in Plaintiffs' First Amended Complaint is barred by the provision of Government

20  Code section 856.4.  Specifically, neither a public entity, nor a public employee is

21  liable for any injury resulting from the failure to admit a person to a public medical

22  facility.

23

24  ### ELEVENTH AFFIRMATIVE DEFENSE

25  (Failure to Mitigate Damages)

26  Officer Briggs alleges that though under a duty to do so, Plaintiffs and/or

27  Norma Guzman have failed and neglected to mitigate the alleged damages, and

28  therefore cannot recover against Officer Briggs whether as alleged, or otherwise.

- 20 -

ANSWER TO FIRST AMENDED COMPLAINT

1  Officer Briggs alleges that Plaintiffs and/or Norma Guzman failed to exercise a
2  duty to mitigate and limit the damage claim as to Officer Briggs, which acts and
3  omissions by Plaintiffs and/or Norma Guzman have estopped Plaintiffs and/or
4  Norma Guzman from asserting any claim for damages or seeking the relief
5  requested against Officer Briggs.

6

7  **TWELFTH AFFIRMATIVE DEFENSE**
8  (Estoppel)
9  Officer Briggs alleges that each and every claim for relief contained in
10  Plaintiffs' First Amended Complaint is barred by the equitable doctrine of estoppel.

11

12  **THIRTEENTH AFFIRMATIVE DEFENSE**
13  (Unclean Hands)
14  Officer Briggs alleges that each and every claim for relief contained in
15  Plaintiffs' First Amended Complaint is barred by the equitable doctrine of unclean
16  hands.

17

18  **FOURTEENTH AFFIRMATIVE DEFENSE**
19  (Lawful Conduct)
20  Officer Briggs alleges that his conduct was, at all times, reasonable and
21  lawful under the circumstances.

22

23  **FIFTEENTH AFFIRMATIVE DEFENSE**
24  (Privilege)
25  Officer Briggs alleges that his conduct was, at all times, justified and
26  privileged.

27

28

ANSWER TO FIRST AMENDED COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Plaintiff)

Officer Briggs alleges that, to the extent Plaintiffs suffered any damages, which Officer Briggs denies, they were caused solely by the actions or omissions of Norma Guzman.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legal and/or Proximate Cause)

Officer Briggs alleges that his acts were not the legal and/or proximate cause of any of the damages alleged by Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Officer Briggs alleges that each and every claim for relief stated in Plaintiffs' First Amended Complaint is barred and/or subject to offset and reduction by virtue of the comparative negligence of Norma Guzman and/or others persons.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

Officer Briggs alleges that, if Plaintiffs suffered or sustained any loss or damage as alleged in the First Amended Complaint, such loss or damage was proximately caused and contributed to by persons or entities other than Officer Briggs.  The liability of all defendants, named or unnamed, should be apportioned according to the relative degrees of fault, and the liability of Officer Briggs should be reduced accordingly.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Offset)

Officer Briggs alleges that any amount for which it is held liable and owing to Plaintiffs is offset by any and all amounts recovered by Plaintiffs from any other responsible parties, such that City's liability will be reduced in an amount corresponding to those amounts recovered by Plaintiffs from such other responsible parties.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (Waiver)

Officer Briggs alleges that Plaintiffs and/or Norma Guzman have engaged in conduct and activities sufficient to constitute a waiver of any alleged duty, act or omission of any nature by Officer Briggs, which waiver serves to preclude any recovery here sought by Plaintiffs.

## TWENTY SECOND AFFIRMATIVE DEFENSE

### (No Special Relationship)

Officer Briggs allege that there was no special relationship between Officer Briggs and Norma Guzman. See C.A. v. William S. Hart Union High School Dist., 53 Cal. 4th 861, 877 (Cal. 2012); see also de Villers v. County of San Diego, 156 Cal. App. 4th 238, 249-50 (2007).

## TWENTY THIRD AFFIRMATIVE DEFENSE

### (Claims Barred Due to Exercise of Reasonable Force)

Officer Briggs alleges that each and every claim for relief contained in Plaintiffs' First Amended Complaint is barred because, the force used was reasonable under the circumstances.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

(Probable Cause of Threat)

Officer Briggs alleges that each and every claim for relief contained in Plaintiffs' First Amended Complaint is barred because Officer Briggs had probable cause to believe that Norma Guzman posed a threat of serious physical harm to Officer Briggs or others.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

Officer Briggs alleges that the damages asserted by Plaintiffs in the First Amended Complaint are barred, either in whole or in part, by the doctrine of avoidable consequences.  State Department of Health Services v. Superior Court, 31 Cal.4th 1026, 6 Cal. Rptr. 3d 441 (2003).

## TWENTY SIXTH AFFIRMATIVE DEFENSE

(Claims Barred Due to Reasonable and Probable Cause to Detain)

Officer Briggs alleges that each and every claim for relief contained in Plaintiffs' First Amended Complaint is barred because, at all times mentioned in Plaintiffs' First Amended Complaint herein, Officer Briggs had reasonable and probable cause to detain and restrain Norma Guzman.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Officer Briggs alleges that Plaintiffs' claims for damages are barred, either in whole or in part, because Plaintiffs' purported damages are remote, speculative and/or unavailable as a matter of law.

ANSWER TO FIRST AMENDED COMPLAINT

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

Officer Briggs alleges that he is without sufficient information as to the nature and scope of Plaintiffs' claims for relief to be able to be fully assess and set forth all potentially-applicable affirmative defenses in this matter.  Accordingly, Officer Briggs hereby reserves the right to allege additional affirmative defenses as further information becomes known.

## PRAYER FOR RELIEF

WHEREFORE, Officer Briggs prays as follows:

1.     That Plaintiffs take nothing by reason of their First Amended Complaint, and that judgment be entered in favor of Officer Briggs;

2.     That Officer Briggs be awarded costs of suit and attorney's fees incurred in defense of this action pursuant to 42 U.S.C. § 1988 and other legal grounds; and

3.     For such other and further relief as the Court deems just and proper.

Dated:    April 12, 2017                    Respectfully submitted,

JONES & MAYER

By:  *s/James R. Touchstone*
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
Attorneys for Officer Joshua Briggs

ANSWER TO FIRST AMENDED COMPLAINT