Stephen Bernard, Esq. (SBN 56553)
BERNARD & BERNARD
One Westwood, Suite 1175
10990 Wilshire Boulevard
Los Angeles, California 90024
Ph.: (310) 312-0220; Fax: (310) 312-0016

Attorneys for Plaintiffs, MARCOS CASTANEDA, and
E.C., a minor, by and through his guardian ad litem,
MARCOS CASTANEDA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

1

**SECOND ~~FIRST~~ AMENDED COMPLAINT**

| | |
|---|---|
| ESTATE OF NORMA GUZMAN, by and through successors in interest, E.G. a minor, and GLORIA GONZALEZ and E.G. a minor, by and through his Guardian Ad Litem Gloria Gonzalez and GLORIA GONZALEZ, individually, | CASE NO.: LACV15-07932 JAK (FFMx) Consolidated with Case No. LACV16-03101 JAK (FFMx)) |

**SECOND** ~~FIRST~~ **AMENDED COMPLAINT:**

Plaintiffs,

v.

CITY OF LOS ANGELES,  DOE OFFICERS 1 through 5, DOES 6 through 50, inclusive,

Defendants.

~~MARCOS CASTANEDA, individually and as Successor in Interest of Decedent Norma Angelica Guzman; E.C., a minor, by and through his Guardian ad litem MARCOS CASTANEDA, individually, and as Successor in Interest of Decedent Norma Angelica Guzman; ESTATE OF NORMA ANGELICA GUZMAN, by and through successors in interest, MARCOS CASTANEDA and E.C., a minor, by and through his Guardian Ad Litem MARCOS CASTANEDA,~~

~~Plaintiffs,~~

~~v.~~

~~CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; OFFICER SAMUEL BRIGGS; OFFICER ANTONIO MCNEELY; AND DOES 1 through 50, inclusive;~~

~~Defendants.~~

AND ALL RELATED ACTIONS

1.  **VIOLATION OF FEDERAL CIVIL RIGHTS [42 U.S.C. §1983];**

2.  **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW: LIABILITY FOR UNCONSTITUTIONAL CUSTOMS AND PRACTICES [42 U.S.C. 1983];**

3.  **WRONGFUL DEATH / SURVIVAL ACTION: ASSAULT AND BATTERY;**

4.  **WRONGFUL DEATH / SURVIVAL ACTION: NEGLIGENCE;**

5.  **VIOLATION OF THE RALPH CIVIL RIGHTS ACT [Cal. Civ. Code § 51.7];**

6.  **VIOLATION OF THE BANE CIVIL RIGHTS ACT [Cal. Civ. Code § 51.2];**

7.  **NEGLIGENT HIRING, TRAINING & SUPERVISION;** ~~.~~

8.  **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT [42 USC 12101]**

**DEMAND FOR JURY TRIAL**

**COME NOW,** Plaintiffs Macros Castaneda, E.C., a minor, by and through his

guardian ad litem Marcos Castaneda, and Estate of Norma Angelica Guzman, by and

2

through successors in interest, Marcos Castaneda and E.C. (hereinafter collectively referred to as "Plaintiffs"), hereby allege and complain as follows:

**INTRODUCTION**

1.     On September 27, 2015, a 37 year old mentally ill woman Norma Guzman was mercilessly and inhumanly shot and killed in broad daylight by two Los Angeles Police Department (hereinafter "LAPD") officers. There was no cause, provocation or justification for the use of lethal force on Ms. Guzman. Norma Guzman left surviving a 16 year old son and a husband who now bring this civil rights action. This suit is meant to redress the killing of the loving mother and wife in violation of all fundamental constitutional rights, but also to uncover the ongoing and persistent despicable LAPD pattern and practice of repeatedly using excessive and lethal force on the mentally ill.

**JURISDICTION**

2.     This action arises under Title 42 of the United States Code, Sections 1983 and 12132. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of Los Angeles, California, which is within this judicial district.

**PARTIES**

3.     At all relevant times, Norma Angelica Guzman (hereinafter "Decedent") was an individual residing in the City of Los Angeles, California. The claims made by the Plaintiff Estate of Norma Guzman are brought by Marcos Castaneda and E.C., a minor, as successors in interest pursuant to Cal. Code of Civil Procedure §377.30 et seq.

4.     Plaintiff Marcos Castaneda is the surviving spouse of Decedent and at all times mentioned herein was an individual residing in Los Angeles County, State of California. Marcos Castaneda, individually, is an heir at law of Decedent as defined by the California Code of Civil Procedure §377.60(a) and elsewhere has the legal standing to maintain an action for wrongful death based upon the death of his spouse, Norma Angelica Guzman, under California Code of Civil Procedure §377.60. Plaintiff Marcos Castaneda may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful

3

1  Death Action and recover damages for the value of Decedent's life and Decedent's pain

2  and suffering under cases interpreting 42 U.S.C. §1983, and violation of California Civil

3  Code §§51.7, 52 and 52.1.

4       5.    Plaintiff E.C., a minor, by and through his Guardian ad litem Marcos

5  Castaneda, is the surviving child of Decedent and at all times mentioned herein was an

6  individual residing in Los Angeles County, State of California. E.C., individually, is an

7  heir at law of Decedent as defined by the California Code of Civil Procedure §377.60(a)

8  and elsewhere has the legal standing to maintain an action for wrongful death based upon

9  the death of his mother, Norma Angelica Guzman, under California Code of Civil

10 Procedure §377.60. Plaintiff E.C., a minor, by and through his Guardian ad litem Marcos

11 Castaneda, may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful

12 Death Action and recover damages for the value of Decedent's life and Decedent's pain

13 and suffering under cases interpreting 42 U.S.C. §1983, and violation of California Civil

14 Code §§51.7, 52 and 52.1.

15      6.    Defendant Officer Samuel Briggs (hereinafter "Officer Briggs") is and at all

16 times mentioned herein was, an Officer employed by the LAPD, who was acting within

17 the course and scope of his employment at the time he undertook the activities alleged

18 herein and was, at all times herein mentioned, acting under color of law as an employee,

19 agent, and representative of every other Defendant.

20      7.    Defendant Officer Antonio McNeely (hereinafter "Officer McNeely") is and

21 at all times mentioned herein was, an Officer employed by the LAPD, who was acting

22 within the course and scope of his employment at the time he undertook the activities

23 alleged herein and was, at all times herein mentioned, acting under color of law as an

24 employee, agent, and representative of every other Defendant.

25      8.    Plaintiffs are informed and believe that Defendant City of Los Angeles

26 (hereinafter "City") is an incorporated municipality doing business in the State of

27 California with its principal place of business in Los Angeles, and the employer of the

28 individual officers named as Defendants in this action.

4

9.    Plaintiffs are informed and believe and thereon allege that Defendant Los Angeles Police Department (hereinafter "LAPD"), is a public entity existing within the State of California, County of Los Angeles. Plaintiffs are informed and believe that Defendant LAPD is and was the official police agency for the CITY, at all times mentioned herein, and is the employer of the individual officers named as Defendants in this action.

10.    Plaintiffs are informed and believe that Defendant Does 1-50 are supervisors, officers and/or staff of the LAPD and/or City and are fictitiously named individuals whose true names are unknown to Plaintiffs at this time. The true names and capacities of Does 1-50 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names and will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitious named defendants are responsible for the acts complained of herein. At all times herein mentioned Does 1-50 were acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendants City and LAPD and as an employee, agent and representative of every Defendant. Does1 through 50 are sued in their official and individual capacity.

11.    At all relevant times herein, each of the defendants herein, were the agents, servants, or employees of the remaining Defendants acting under color of state and/or federal law, and was at all times acting within the time, purpose or scope of said agency or employment, and was acting within the express or implied knowledge, permission or consent of the remaining Defendants, and each of them. Each of the Defendants held out the other as its authorized representative and each of the Defendants ratified the conduct of its agents. At all times herein mentioned, Does 1-50, inclusive, were and are the Defendants whose identity is unknown at this time who supervised, controlled, or were in some manner responsible for the activities alleged herein and proximately caused Plaintiffs' damages.

SECOND ~~FIRST~~ AMENDED COMPLAINT

**FACTUAL ALLEGATIONS**

12.    At the time of the subject incident Decedent was 37 years old. She was known in the community as someone who suffered from mental illness and completely harmless, a fact also known to Defendants.

13.    Prior to the subject incident, Decedent had been the subject of 7 (seven) LAPD Mental Evaluation Unit (MEU) contacts. On September 19, 2015 (8 days prior to this incident), Decedent had been taken into custody and placed on a 72-hour mental evaluation hold by LAPD officers who responded to a call from the same location regarding a female with mental illness (Decedent) who was armed with a knife, fighting demons.

14~~3~~.    On Sunday, September 27, 2015, at approximately 9:30 a.m., Decedent was lawfully walking along the sidewalk of East 22nd Street and South San Pedro Street, in the City of Los Angeles, California 90011. She was then and there confronted by uniformed Defendant Officers Briggs and McNeely who were acting within the course and scope of their duties as employees of LAPD and representatives of City.

15~~4~~.    On information and belief, Officers Briggs and McNeely were acting on an ~~anonymous~~ 911 call reporting irregular activity. Officers Briggs and McNeely were aware that this was an "ongoing incident" and that Decedent was mentally ill. They drove up to the location of the Decedent and stopped their patrol vehicle in the number 2 lane adjacent to two parked vehicles. They then exited their patrol vehicle, immediately drawing their weapons, and ordered Decedent to approach.

16~~5~~.    Decedent complied with Officers' Briggs and McNeely orders without incident and started walking slowly and in a nonthreatening manner towards the patrol car.

17~~6~~.    Within moments, Officers Briggs and McNeely, without cause, justification and/or provocation, intentionally fired multiple live rounds of ammunition into the upper torso of Decedent, which caused her grave bodily injuries, pain and suffering, and subsequent death at a nearby hospital where she was taken shortly thereafter.

18. Plaintiffs are informed, believe and thereon allege that Decedent was known to Officers Briggs and McNeely, City, LAPD and Does 1-50 to be mentally challenged and completely harmless.

19. At the time Decedent was approached by Officers Briggs and McNeely, she was not acting in the commission of any crime, did not threaten or otherwise pose an immediate threat of death or serious bodily injury to Officers Briggs and McNeely or the general public, and was compliant with the Officers' Briggs and McNeely orders.

20 19. The activities undertaken by Officers Briggs and McNeely constituted an inappropriate seizure of a person under the Fourth Amendment of the United States Constitution as Decedent was: (1) not acting in the commission of any crime when approached by both Officers Briggs and McNeely; (2) compliant with both police officers orders; (3) mentally challenged, a fact known to each of the Defendants prior to the shooting of Decedent.

21. The repeated discharge of their firearms by Defendants Officers Briggs and McNeely upon Decedent constituted excessive force in violation of the Fourth and Fourteenth Amendment of the United States Constitution and state laws.

22. The actions of Defendants, and each of them, were in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the action undertaken by Defendants constituted an unjustified seizure of his person, deprivation of his liberty interest, excessive force and were in violation of Decedent's civil rights under color of law under 42 U.S.C. §1983 and other sections of the United States Code as more fully set forth herein.

23. Plaintiffs are informed, believe and thereon allege, that Defendants City, LAPD, Officers Briggs and McNeely, and Does 1 through 50, and their decision makers, acted with deliberate indifference, gross negligence, and reckless disregard for the safety, security and constitutional and statutory rights of Decedent and Plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices or customs and usages of among other things: subjecting peopled to

SECOND FIRST AMENDED COMPLAINT

1  unreasonable uses of force against their persons:

2          a.      selecting, retaining and assigning employees with demonstrable
3  propensities for excessive force, violence and other misconduct;

4          b.      failing adequately train, supervise and control employees in the
5  dangers of repeated discharge of firearms including, without limitation, the use of
6  potentially lethal tactics on individuals who may have pre-existing medical conditions
7  which make such tactics unreasonably dangerous;

8          c.      condoning and encouraging officers in the belief that they can violate
9  the rights of persons such as Decedent in this action with impunity, and that such conduct
10 will not adversely affect their opportunities for promotion and other employment benefits.

11      243.    Plaintiffs are informed and believe and thereon allege that Defendants City
12 and/or LAPD have longstanding custom, policy and practice of violating civil rights,
13 including excessive use of force and other similar actions, and ordered, authorized,
14 acquiesced in, tolerated, permitted or maintained custom and usages permitting the other
15 defendants herein to engage in the unlawful and unconstitutional actions, policies,
16 practices and customs or usages set forth in the foregoing paragraph. Defendants' conduct
17 as alleged herein constitutes a pattern of unconstitutional violations based either on a
18 deliberate plan by defendants or on defendants' deliberate indifference, gross negligence,
19 or reckless disregard to the safety, security and rights of Plaintiffs and Decedent.

20      254.    Plaintiffs allege that Defendants, and each of them, acted in violation of the
21 United States Constitution and that Decedent's constitutional rights were violated.
22 Defendants, and each of them, acted in violation of Decedent's constitutional rights under
23 the Fourth and Fourteenth Amendment to the United States Constitution. Decedent was
24 subjected to an excessive amount of force where she had committed no criminal act,
25 engaged in no suspicious criminal activity, and was seized without probable cause by
26 Defendants while acting under color of law, pursuant to their actual apparent authority.

27      265.    As a result of the repeated unconstitutional actions of Defendants, and each
28 of them, Decedent died. Plaintiffs have suffered, and continue to suffer, devastating and

SECOND FIRST AMENDED COMPLAINT

1  overwhelming severe emotional distress, disgust, shock, anger, fright, nervousness, and

2  terror. Plaintiffs have further suffered economic and non-economic damages.

3  //

4  //

5  **FIRST CAUSE OF ACTION**

6  **VIOLATION OF FEDERAL CIVIL RIGHTS**

7  **[42 U.S.C. §1983]**

8  **(Against Defendants Officer Samuel Briggs, Officer Antonio McNeely and Does**

9  **1-50, inclusive)**

10  27 6.   Plaintiffs hereby incorporate Paragraphs 1 through 25, as though fully set

11  forth herein.

12  28 7.   This cause of action is to redress a deprivation, under color of authority,

13  statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and

14  immunity secured to Plaintiffs by the Fourth and Fourteenth Amendments to the United

15  States Constitution.

16  29 8.   Defendants, and each of them, owed a duty of ordinary care to avoid harm

17  to Decedent.

18  30 29.   Plaintiffs contend and herein allege that Defendant Officers Briggs

19  and McNeely, and Does 1 through 50, when they shot and killed Decedent, violated her

20  right to be free from unreasonable search and seizures as guaranteed under the Fourth and

21  Fourteenth Amendment to the United States Constitution. Further, at the time Decedent

22  was shot and killed she posed no danger to Defendant Officers Briggs and McNeely, and

23  Does 1 through 50 or the general public. She was therefore subjected to excessive force

24  in violation of the Fourth and Fourteenth Amendment of the United States Constitution.

25  31 0.   Plaintiffs further contend and allege that Defendant Officers' Briggs and

26  McNeely, and Does' 1 through 50 shooting and killing of Decedent was willful and done

27  with either actual malice or deliberate indifference to Decedent's civil rights and safety,

28  and therefore, warrants the imposition of punitive damages.

9

32~~1~~.    The actions of Defendant Officers Briggs and McNeely, and Does 1 through 50, as aforesaid, violated the Fourth and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. §1983. The violation of Decedent's civil rights directly and proximately caused the injuries and damages to Plaintiffs as more fully set forth below.

33~~2~~.    The false and illegal seizure and use of excessive force upon Decedent was in violation of his civil rights to be free from the unreasonable search and seizure of his person, to be free from the loss of his physical liberty interest, and denial of substantive due process under the Fourth and Fourteenth Amendments of the United States Constitution. In addition, in taking the aforesaid actions of Defendant Officers Briggs and McNeely, and Does 1 through 50, violated Decedent's civil rights, by being deliberately indifferent to Decedent's physical security, as set forth in *Wood v. Ostrander*, 879 F.2d 583 (1983).

34~~3~~.    Defendant Officers Briggs and McNeely, and Does 1 through 50 violated Decedent's and Plaintiffs' civil rights by using the degree of physical coercion which was not objectively reasonable under the circumstances. Decedent, who was know to Defendants to be mentally challenged and posed no threat to anyone, including Defendants, was cooperative with the officers and had committed no crime. Defendant Officers' Briggs and McNeely, and Does' 1 through 50 use of excessive force was unreasonable and in violation of Decedent's civil rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable seizure of his person and to be free from a loss of physical liberty.

35~~4~~.    Defendant Officers' Briggs and McNeely, and Does' 1 through 50 use of excessive force was unreasonable and in violation of Decedent's and Plaintiffs' civil right and violated the Fourteenth Amendment of the United States Constitution as their actions were sadistic and malicious and did not further any legitimate purpose.

36~~5~~.    As a direct and proximate result of the conduct of said Defendants, and each of them, Decedent suffered the following injuries and damages for which Plaintiffs may

recover:

    a.    Violation of Decedent's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, deprivation of life and liberty and denial of due process of law;

    b.    Loss of the life of Norma Guzman, including the value of her life;

    c.    Conscious physical pain, suffering and emotional trauma during the incident.

376. As a direct and proximate result of the actions of said Defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

    a.    Loss of love, aide, comfort, and society due to the death of Decedent, brought on by the Defendants' violation of Plaintiffs rights to be free from police interference with their relationship with Decedent;

    b.    Loss of economic support, and

    c.    Funeral and burial expenses according to proof.

387. The conduct of said Defendants, and each of them was reckless and acted with callous indifference to the federally protected rights of Decedent and Plaintiffs. Defendants engaged in despicable conduct with using unreasonable and excessive force and were malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiffs and Decedent. As such, Plaintiffs are entitled to the punitive damages in accord with constitutionally permitted limits to punish and make an example of the individual Defendant officers.

398. Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. 1983, as a result of Defendants's violations of Decedent's and Plaintiffs' civil right.

## SECOND CAUSE OF ACTION

### DEPRIVATION OF CIVIL RIGHT UNDER COLOR OF LAW

**(Against Defendants City of Los Angeles, Los Angeles Police Department and**

**Does 1 through 50, inclusive)**

4039.   Plaintiffs hereby incorporate Paragraphs 1 through 38, as though fully set forth herein.

401.   At all times herein mention, Defendant City, LAPD and Does 1 through 50 maintained a custom, policy and practice to allow the violation of civil rights and use of excessive force on mentally ill individuals.

421.   Prior to September 27, 2015, Defendants City, LAPD and Does 1 through 50 developed and/or maintained policies or custom of exhibiting deliberate indifference to the constitutional rights of mentally ill individuals.

432.   It was the policy and/or custom of Defendants City, LAPD and Does 1 through 50 to inadequately train and supervise its officers in conducting seizures of mentally ill individuals, thereby failing to adequately discourage further constitutional violations on the part of its officers. Defendants City, LAPD and Does 1 through 50 were aware that Defendant Officers Briggs and McNeely and various other LAPD officers, had not received proper and necessary training in safely dealing with persons with mental illnesses. As such, Defendants City, LAPD and Does 1 through 50 acted with deliberate indifference to the rights and liberties of the Plaintiffs, Decedent and public in general. Said Defendants knowingly allowed Defendant Officers Briggs and McNeely to undertake patrol in the City of Los Angeles without proper training in the handling of persons with mental illness. Said Defendants knew that such untrained officers would encounter persons with mental illness and would respond with inappropriate and excessive force.

443.   As a result of the above-described policies and/or customs, officers of Defendants City and LAPD, including Defendant Officers Briggs and McNeely, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, and would be tolerated and accepted.

454.   The above-described policies and customs demonstrated deliberate disregard

12

on the part of Defendants City, LAPD and Does 1 through 50, to the constitutional rights of persons within their jurisdiction, and foreseeable effects and consequences of these custom/practice with respect to the constitutional rights of Decedent, Plaintiffs and other similarly situated, and were the cause of the violations of Decedent's and Plaintiffs' civil rights as alleged herein.

46~~5~~. Defendants City, LAPD and Does 1 through 50 together with various officials, whether named or unnamed, had either actual or constrictive knowledge of the deficient custom and practice alleged hereinabove. Despite having knowledge as stated above, said Defendants condoned, tolerated and through actions and inactions ratified such custom and practice.

47~~6~~. As a direct and proximate result of the conduct of Defendants, and each of them, Decedent suffered the following injuries and damages for which Plaintiffs may recover:

   a.   Violation of Decedent's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, deprivation of life and liberty and denial of due process of law;

   b.   Loss of the life of Decedent, including the value of her life;

   c.   Conscious physical pain, suffering and emotional trauma during the incident.

48~~7~~. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

   a.   Loss of love, aide, comfort, and society due to the death of Decedent, brought on by the Defendants' violation of Plaintiffs rights to be free from police interference with their relationship with Decedent;

   b.   Loss of economic support, and

   c.   Funeral and burial expenses according to proof.

49~~8~~. The conduct of Defendant was reckless and constituted callous indifference

**SECOND** ~~FIRST~~ **AMENDED COMPLAINT**

to the federally protected rights of Decedent and Plaintiffs. Defendant and each of them, engage in despicable conduct by using excessive force and was malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiffs. Plaintiffs are

entitled to punitive damages in accord with statutorily permitted limits to punish and make an example.

50~~49~~.    Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. 1983, as a result of Defendants's violations of Decedent's and Plaintiffs' civil right.

### THIRD CAUSE OF ACTION

**WRONGFUL DEATH / SURVIVAL ACTION: ASSAULT AND BATTERY**

**(Against All Defendants)**

51~~0~~.    Plaintiffs hereby incorporate Paragraphs 1 through 49, as though fully set forth herein.

52~~1~~.    On Sunday, September 27, 2015, Decedent Norma Angelica Guzman, known to be mentally challenged to all Defendants, was lawfully walking along the sidewalk of East 22nd Street and South San Pedro Street in the City of Los Angeles, California, posing no threat to anyone, nor breaking the law and had fully complying with the police officers' order by walking slowly and in a nonthreatening way toward the patrol car.

53~~2~~.    Thereafter, Defendant Officers McNeely and Briggs, in the course and scope of their employment with Defendants City and LAPD, seized and shot Decedent Norma Angelica Guzman multiple times with their firearms, and assaulted and battered Decedent Norma Angelica Guzman who died shortly thereafter at a nearby hospital. Plaintiffs are informed and believe and thereon allege that Defendant Officers McNeely and Briggs, unnecessarily, intentionally and unsafely discharged their firearms at Decedent Norma Angelica Guzman.

54~~3~~.    Defendant Officers McNeely and Briggs, and Does 3 through 50, LAPD, and

14

City, and each of them, intended to cause, and did cause, Plaintiffs to suffer serious physical and emotional harm as the result of the intentional and unnecessary application of force to Decedent Norma Angelica Guzman.

55~~4~~.   Defendant Officers McNeely and Briggs, and Does 3 through 50, and each of them, are therefore liable for battery upon Decedent Norma Angelica Guzman. Additionally, Defendants City and/or the LAPD are responsible for the conduct of their employees on a theory of *respondeat superior*.

56~~5~~.   As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have also suffered the following injuries, including, but not limited to:

       a.     Loss of love, aide, comfort, future support, community, affection, society, presence, companionship, protection, consortium, counsel, contributions, accumulations, inheritance and right of inheritance of Decedent Norma Angelica Guzman, according to proof;

       b.     Loss of economic support of Decedent Norma Angelica Guzman; and

       c.     Funeral and burial expenses according to proof.

57~~6~~.   Defendants Officers McNeely and Briggs, and Does 3 through 50, inclusive, and each of them, in deliberately shooting and killing Decedent Norma Angelica Guzman without justification and in disregard of her civil rights and liberties, subjected Decedent Norma Angelica Guzman to despicable conduct in conscious disregard of her rights, thereby entitling Plaintiffs to punitive damages.

## FOURTH CAUSE OF ACTION

### WRONGFUL DEATH / SURVIVAL ACTION: NEGLIGENCE

### (Against All Defendants)

58~~7~~.   Plaintiffs hereby incorporate Paragraphs 1 through 56, as though fully set forth herein.

59~~8~~.   On Sunday, September 27, 2015, Defendant Officers McNeely and Briggs, and Does 1 through 50, while in the course and scope of their employment with LAPD

and as acting as representatives of the City, negligently discharged their firearms, multiple times at and upon the Decedent Norma Angelica Guzman, such that she sustained fatal injuries and died shortly thereafter at the hospital.

60~~59~~.     As a direct, legal and proximate result of Defendant Officers' McNeely and Briggs, and Does 1 through 50, inclusive, negligence, Plaintiffs suffered emotional distress.

61~~0~~.   At all times herein mentioned, Defendant Officers McNeely and Briggs, and Does 1 through 50, inclusive, failed to follow procedural dictations and recklessly and/or negligently caused injuries and the death of Decedent Norma Angelica Guzman.

62~~1~~.   Each of the individual Defendants and the municipal Defendants acted in concert without authorization of law and each of the individual defendants, separately and in concert, acted negligently with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiffs of their rights and privileges, and did in fact violate the aforementioned rights and privileges.

63~~2~~.   As a direct and proximate result of the actions of Defendants Officers McNeely and Briggs, and Does 1 through 50, inclusive, and each of them, Plaintiffs have also suffered the following injuries, including, but not limited to:

a.     Loss of love, aide, comfort, future support, community, affection, society, presence, companionship, protection, consortium, counsel, contributions, accumulations, inheritance and right of inheritance of Decedent Norma Angelica Guzman, according to proof;

b.     Loss of economic support of Decedent Norma Angelica Guzman; and

c.     Funeral and burial expenses according to proof.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE RALPH CIVIL RIGHTS ACT [Cal. Civ. Code § 51.7]**

**(Against All Defendants)**

64~~3~~.   Plaintiffs hereby incorporate Paragraphs 1 through 62, as though fully set

16

forth herein.

65~~4~~.   California Civil Code §51.7 also known as the Ralph Civil Rights Act, guarantees all persons within the jurisdiction of this state the right to be free from any

violence committed against their persons because of their race or other protected characteristic.

66~~5~~.   Plaintiffs are informed and believes and thereon allege that the incidents described and referenced in this complaint were motivated by Defendants Officers McNeely and Briggs and Does 1 through 50, prejudice, disdain and contempt for Hispanics.

67~~6~~.   Plaintiffs contend and herein allege that Defendants Officers McNeely and Briggs, and Does 1 through 50, inclusive, intentionally engaged in the use of excessive and deadly force upon Decedent Norma Angelica Guzman, and that said excessive and deadly force was motivated by Decedent Norma Angelica Guzman's status as a Hispanic-Latin.

68~~7~~.   In doing the acts as alleged in this complaint, Defendants Officers McNeely and Briggs, and Does 1 through 50, knew or should have known that their actions were likely to injure and kill Decedent Norma Angelica Guzman. Plaintiffs are informed and believe, and therefore allege that, Defendants Officers McNeely and Briggs and Does 3 through 50, inclusive, intended to cause injury to Decedent Norma Angelica Guzman, and acted with a wilful and conscious disregard of her rights as secured by California Civil Code §51.7, thus entitling Plaintiffs to recover punitive damages pursuant to California Civil Code §52(b)(1).

69~~8~~.   Defendant Officers McNeely and Briggs and Does 3 through 50, inclusive, violation of Plaintiffs' rights as guaranteed by California Civil Code §51.7 entitles them to compensatory and punitive damages, a $25,000.00 civil penalty, attorneys' fees, all of which are provided in Cal. Civil Code §52 and §52.1(b), and are requested below.

**SIXTH CAUSE OF ACTION**

17

**VIOLATION OF THE BANE CIVIL RIGHTS ACT [Cal. Civ. Code § 51.2]**

**(Against All Defendants)**

7069.    Plaintiffs hereby incorporate Paragraphs 1 through 68, as though fully set

forth herein.

710.    In doing the acts as alleged in this Complaint, Defendant Officers McNeely and Briggs, and Does 1 through 50, interfered, and attempted to interfere, by threats, intimidation and coercion, with Decedent Norma Angelica Guzman's rights as secured by California Civil Code §52.1, thus entitling Plaintiffs to recover punitive damages pursuant to California Civil Code §52(b)(1).

721.    Defendant Officers McNeely and Briggs, and Does 3 through 50, inclusive, violation of Plaintiffs' rights as guaranteed by California Civil Code §52.1 entitles them to compensatory and punitive damages, a $25,000.00 civil penalty, attorneys' fees, and injunctive relief, all of which are provided in California Civil Code §52 and §52.1(b), and are requested below.

**SEVENTH CAUSE OF ACTION**

**NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION**

**(Against All Defendants)**

732.    Plaintiffs hereby incorporate Paragraphs 1 through 71, as though fully set forth herein.

743.    Defendant Officers McNeely and Briggs and Does 1 through 50 were unfit, incompetent, or not properly trained to perform police work for which they were hired to engage.

754.    Does 31-50 are persons employed by Defendants LAPD, CITY, or both, and who knew or should have known that Defendants Officers McNeely and Briggs, and Does 1 through 30 were unfit, incompetent, or not properly trained to perform police work and that the lack of fitness, incompetence, or improper training created a particular

18

1    risk to others and, in this case, risk of death of Decedent Norma Angelica Guzman.

2    765. Does' 31-50 lack of fitness, incompetence, or improper training harmed

3    Decedent Norma Angelica Guzman causing her death and, as a result thereof, additionally

4    harmed the Plaintiffs.

5

6    776. Does' 31-50 negligence in hiring or training or failing to supervise Officers

7    McNeely and Briggs, and Does 3 through 30 was a substantial factor in causing the death

8    of Decedent Norma Angelica Guzman and consequently, the harm to the Plaintiffs.

9    **EIGHTH CAUSE OF ACTION**

10   **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

11   **[42 USC 12101 et seq.]**

12   **(Against Defendants CITY OF LOS ANGELES, LAPD,**

13   **AND DOES 1 through 50)**

14   78.    Plaintiffs incorporate by reference each and every allegation contained in

15   paragraphs 1- 76 of Plaintiffs' First Amended Complaint as if fully rewritten herein.

16   79.    This cause of action is brought by Plaintiffs against aforementioned

17   Defendants under the American with Disabilities Act (42 US Code 12101 et seq.) and the

18   Rehabilitation act of 1973, Section 504, that were written to provide clear and

19   comprehensive mandates for the elimination of discrimination against individuals with

20   mental and physical impairments. "No qualified individual with a disability shall, on the

21   basis of the disability, be excluded from participation in or be denied benefits of services,

22   programs, or activities of a public entity, or be subjected to discrimination by the public

23   entity."

24   8079.    Norma Angelica Guzman was a qualified individuals and a person

25   with a disability pursuant to 42 USC § 12102(2) and 42 USC § 12131(2) because she had

26   a mental impairment that substantially limited one or more of her major life functions. In

27   addition, Norma Angelica Guzman was disabled because she had had a record of having

28   a mental impairment that substantially limited one or more of her major life functions.

19

81~~0~~. The aforementioned Defendants are ~~a~~ "public entit~~iesy~~" pursuant to 42 USCA § 12131 and are subject to the Americans with Disabilities Act.

82~~1~~. The Americans with Disabilities Act prohibits public entities from discriminating against qualified individuals in the provision of services, programs, or activities. In addition, Section 12132 prevents a public entity from excluding a person with a disability from participation in or receipt of the benefit of its services, programs, or activities.

83. The individually named Defendants, and Does 1 through 50, under color of law and acting in their capacities as law enforcement officers, defendant LAPD and defendant City all denied to this disabled Plaintiff the benefits of the public entities' services and programs and refused to allow Plaintiff to receive the benefits of the services and programs. Defendants were fully aware of Decedent's disability and her need for medical treatment.

84. Defendants City of Los Angeles, LAPD and DOES 1 through 50 had reasonable medical services and programs available, knowing that Plaintiff was severely mentally ill but they did not accommodate her disability, did not provide medical treatment or attempt to provide medical treatment to her.

85. Defendants refused to grant the accommodations necessary to ensure that mentally ill person, including Dedecent, receive adequate medical treatment by denying Decedent the benefit of any medical aid and treatment programs and services and by refusing to let her participate in any medic al services and programs. The Defendant, thereby, acted with delibertate indiffirence, knowing that harm to Decedent and other persons with mental illness was likely due to their refusal to provide any medical treatment or aid and Defendants intentionally failed to act on that likelihood. Defendants thereby discriminated against the disabled Decedent.

86. Due to the acts of the Defendants, Decedent and Plaintiffs sustained damages, directly and indirectly caused by Defendants, in an amount to be proven at trial.

87~~6~~. The acts of Defendants described herein in failing to provide medical

treatment to Plaintiff, in excluding her from medical treatment neessary by reason of her disability violate Title II of the Americans with Disabilities Act, 42 U.S.C. Section 12132.

88.    Plaintiffs are informed and believe, and based thereon allege, that the LAPD, the City of Los Angeles, and its individual agents and employees, acting under color of law, have subjected Decedent and other persons to a pattern of conduct consisting violence and brutality before and at the time of making an arrest, and a pattern of denying medical aid, treatment and accommodation for disabled persons, including those within the custody of Defendants, all in deliberate indifference to and denial of the rights, privileges, and immunities guaranteed to Decedent and other citizens by the Constitution and Laws of the Unites States and the State of California. This systematic pattern of conduct has no justification or excuse in law, and is instead gratuitous, illegal, improper, malicious, unreasonable and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order.

89.    Plaintiffs are informed and believe, and based thereon allege that despite  the fact they they knew or should have known of the fact that this pattern of conduct was being carried out by their agents and employees, the LAPD and the City have taken no step or effort to order a halt to the course of conduct described herein, to make redress to this Decedent or other citizens similarly situated.

90.    Plaintiffs are informed and believe, and based thereon allege, that the acts, conduct, and behavior of Defendants, were performed knowingly, intentionally, willfully, corruptly, oppressively and maliciously, and wiht reckless and callous disregard for Plaintiffs' and Decedent's rights, by reason of which Plaintiffs are entitled to an award of punitive damages in an amount that will be proven at trial.

91.    By reason of the conduct of Defendants, Plaintiffs are also entitled to all remedies available against public authorities for such violations, in accordance with the Civil Rights Act of 1871, 42 USC Section 1983, 42 USC 12101 et seq.

SECOND ~~FIRST~~ AMENDED COMPLAINT

## PRAYER

**WHEREFORE**, Plaintiffs pray for entry of judgment against Defendants, and each of them, for each cause of action, as follows:

1. For general damages including, but not limited to, severe emotional distress, disgust, terror, fright, anger, worry, nervousness, shock, loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care, love, and companionship;

2. For other and further special damages in a sum according to proof at the time of trial;

3. For other and further general damages in a sum according to proof at the time of trial;

4. For funeral and burial expenses of Decedent according to proof;

5. For all prejudgment interest, according to proof as permitted by law;

6. For punitive damages in a sum according to proof at the time of trial;

7. For the costs of suit incurred herein;

8. For pretrial interest, according to statute;

9. For legal/attorney fees, expenses, and costs incurred herein in prosecution in the present action to the extent provided by law and 42 U.S.C. 1988 in particular, and

10. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,
BERNARD & BERNARD

/s/ Stephen Bernard

Date: May 3 ~~March 24~~, 2017   By:_____

STEPHEN BERNARD, Esq.
Attorneys for Plaintiffs,  MARCOS
CASTANEDA, and E.C, a minor

SECOND ~~FIRST~~ AMENDED COMPLAINT