1   James R. Touchstone, SBN 184584
    jrt@jones-mayer.com
2   Denise L. Rocawich, SBN 232792
    dlr@jones-mayer.com
3   Carmen Vasquez, SBN 231473
    cv@jones-mayer.com
4   JONES & MAYER
    3777 North Harbor Boulevard
5   Fullerton, CA 92835
    Telephone:  (714) 446-1400
6   Facsimile:  (714) 446-1448

7   Attorneys for Defendant
    OFFICER SAMUEL BRIGGS
8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12  ESTATE OF NORMA GUZMAN,            Lead Case No.  CV15-07932 JAK (FFMx)
    by and through successor in interest   Consolidated w/: CV16-03101 JAK(FFMx)
13  GLORIA GONZALEZ, individually,     *Hon. John A. Kronstadt - Crtrm 10B*
                                       *Hon. Magistrate Judge: Frederick F. Mumm*
14           Plaintiff,

15       v.

16  CITY OF LOS ANGELES; DOE           **OFFICER SAMUEL BRIGGS'**
    OFFICERS 1 through 5 and DOES 6    **ANSWSER TO SECOND AMENDED**
17  through 10, INCLUSIVE and DOES     **COMPLAINT FOR DAMAGES**
    1 through 10,
18
             Defendants.
19

20  ─────────────────────────────
    AND CONSOLIDATED ACTION.
21

22

23

24

25

26

27

28

                              - 1 -
─────────────────────────────────────────────────

## ANSWER TO SECOND AMENDED COMPLAINT

Answering Plaintiffs' Second Amended Complaint for (1) Violation of 42 U.S.C. § 1983 [Excessive Force]; (2) Violation of 42 U.S.C. § 1983 [Municipal Liability for Unconstitutional Custom, Practice or Policy]; (3) Wrongful Death/Survival Action [Assault and Battery]; (4) Wrongful Death/Survival Action [Negligence]; (5) Violation of Ralph Civil Rights Act Civil Code § 51.7; (6) Violation of Bane Civil Rights Act § 51.2; (7) Negligent Hiring and Supervision; and (8) Violation of the Americans with Disabilities Act [42 USC 12101], Defendant Samuel Briggs admits, denies and alleges as follows:

## INTRODUCTION

1. Answering paragraph 1 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that one or more Los Angeles Police Officers fired at Norma Guzman on September 27, 2015 thereby killing her. Except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 1 of the Second Amended Complaint.

## JURISDICTION

2. Answering paragraph 2 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, the City admits that this Court has subject-matter jurisdiction over this case insofar as this case arises under 42 U.S.C. § 1983 and supplemental jurisdiction over the state-law claims. Except as so admitted, the City denies each and every allegation contained in paragraph 2 of the Second Amended Complaint.

## **PARTIES**

3. Answering paragraph 3 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

4. Answering paragraph 4 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

5. Answering paragraph 5 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

6. Answering paragraph 6 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that he was employed by the Los Angeles Police Department on September 27, 2015. Except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 6 of the Second Amended Complaint.

7. Answering paragraph 6 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that Officer McNeely was employed by the Los Angeles Police Department on September 27, 2015. Except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 7 of the Second Amended Complaint.

ANSWER TO SECOND AMENDED COMPLAINT

8.      Answering paragraph 8 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that the City of Los Angeles is a municipality and the employer of Officer Briggs and Officer McNeely on September 27, 2015. Except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 8 of the Second Amended Complaint.

9.      Answering paragraph 9 of the Second Amended Complaint, Officer Briggs admits that the Los Angeles Police Department is a department and subdivision of the City of Los Angeles. Except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 9 of the Second Amended Complaint.

10.     Answering paragraph 10 of the Second Amended Complaint, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

11.     Answering paragraph 11 of the Second Amended Complaint, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

12.     Answering paragraph 12 of the Second Amended Complaint, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

13.     Answering paragraph 13 of the Second Amended Complaint, Officer Briggs is without sufficient knowledge or information to form a belief as to the

1   truth of the allegations, and on that basis denies each and every allegation contained

2   therein.

3       14.    Answering paragraph 14 of the Second Amended Complaint, insofar

4   as the allegations of this paragraph contain legal conclusions, no answer is required.

5   To the extent an answer is required, Officer Briggs admits that he was employed by

6   the Los Angeles Police Department on September 27, 2015. Officer Briggs admits

7   that LAPD Officers were involved in a confrontation with Norma Guzman resulting

8   from a 911 call that she was holding a knife and screaming at the owner of a

9   business located at 2120 South San Pedro Street. Officer Briggs further admits that

10  at the conclusion of the confrontation, one or more LAPD Officers fired at Norma

11  Guzman thereby killing her. As to the remaining allegations and except as so

12  expressly admitted, Officer Briggs denies each and every allegations contained in

13  paragraph 14.

14      15.    Answering paragraph 15 of the Second Amended Complaint, Officer

15  Briggs admits that the confrontation with Norma Guzman resulted from a 911 call

16  that she was holding a knife and screaming at the owner of a business located at

17  2120 South San Pedro Street and denies that the 911 call simply reported "irregular

18  activity". Officer Briggs denies that he was aware that this was an "ongoing

19  incident" and denies being aware that Decedent was mentally ill. Officer Briggs

20  admits the remaining allegations contained in paragraph 15.

21      16.    Answering paragraph 16 of the Second Amended Complaint, Officer

22  Briggs denies each and every allegation therein.

23      17.    Answering paragraph 17 of the Second Amended Complaint, insofar

24  as the allegations of this paragraph contain legal conclusions, no answer is required.

25  To the extent an answer is required, Officer Briggs admits that LAPD Officers were

26  involved in a confrontation with Norma Guzman resulting from a 911 call that she

27  was holding a knife and screaming at the owner of a business located at 2120 South

28  San Pedro Street. Officer Briggs further admits that at the conclusion of the

ANSWER TO SECOND AMENDED COMPLAINT

1  confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing

2  her. As to the remaining allegations and except as so expressly admitted, Officer

3  Briggs denies each and every allegation contained in paragraph 17.

4       18.    Answering paragraph 18 of the Second Amended Complaint, as to the

5  allegations regarding knowledge held by Officer McNeely, the City, LAPD or DOE

6  Defendants, Officer Briggs is without sufficient knowledge or information to form

7  a belief as to the truth of those allegations, and on that basis denies those

8  allegations. As to Officer Briggs' knowledge, Officer Briggs denies that decedent

9  was known, in any way, to Officer Briggs prior to September 27, 2015. As to the

10 remaining allegations, Officer Briggs denies each and every allegation contained in

11 paragraph 18.

12      19.    Answering paragraph 19 of the Second Amended Complaint, insofar

13 as the allegations of this paragraph contain legal conclusions, no answer is required.

14 To the extent an answer is required, Officer Briggs denies each and every allegation

15 contained in paragraph 19.

16      20.    Answering paragraph 20 of the Second Amended Complaint, insofar

17 as the allegations of this paragraph contain legal conclusions, no answer is required.

18 To the extent an answer is required, Officer Briggs denies each and every allegation

19 contained in paragraph 20.

20      21.    Answering paragraph 21 of the Second Amended Complaint, insofar

21 as the allegations of this paragraph contain legal conclusions, no answer is required.

22 To the extent an answer is required, Officer Briggs denies each and every allegation

23 contained in paragraph 21.

24      22.    Answering paragraph 22 of the Second Amended Complaint, insofar

25 as the allegations of this paragraph contain legal conclusions, no answer is required.

26 To the extent an answer is required, Officer Briggs denies each and every allegation

27 contained in paragraph 22.

28      23.    Answering paragraph 23 of the Second Amended Complaint, insofar

1   as the allegations of this paragraph contain legal conclusions, no answer is required.

2   To the extent an answer is required, Officer Briggs denies each and every allegation

3   contained in paragraph 23.

4        24.    Answering paragraph 24 of the Second Amended Complaint, insofar

5   as the allegations of this paragraph contain legal conclusions, no answer is required.

6   To the extent an answer is required, Officer Briggs is without sufficient knowledge

7   or information to form a belief as to the truth of the allegations, and on that basis

8   denies each and every allegation contained therein.

9        25.    Answering paragraph 25 of the Second Amended Complaint, insofar

10   as the allegations of this paragraph contain legal conclusions, no answer is required.

11   To the extent an answer is required, as to the allegations regarding persons other

12   than Officer Briggs, Officer Briggs is without sufficient knowledge or information

13   to form a belief as to the truth of those allegations, and on that basis denies those

14   allegations. As to the remaining allegations regarding Officer Briggs, Officer

15   Briggs denies each and every allegation contained in paragraph 25.

16        26.    Answering paragraph 26 of the Second Amended Complaint, insofar

17   as the allegations of this paragraph contain legal conclusions, no answer is required.

18   To the extent an answer is required, as to the allegations regarding persons other

19   than Officer Briggs, Officer Briggs is without sufficient knowledge or information

20   to form a belief as to the truth of those allegations, and on that basis denies those

21   allegations. As to the remaining allegations regarding Officer Briggs, Officer

22   Briggs denies each and every allegation contained in paragraph 26.

23

24   **FIRST CAUSE OF ACTION**

25        27.    Paragraph 27 of the Second Amended Complaint merely incorporates

26   by reference the allegations of previous paragraphs.  In answering paragraph 27,

27   Officer Briggs incorporates its respective admissions and denials to each such

28   paragraph enumerated above.

28.     Answering paragraph 28 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

29.     Answering paragraph 29 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, as to the allegations regarding persons other than Officer Briggs, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations. As to the remaining allegations regarding Officer Briggs, Officer Briggs denies each and every allegation contained in paragraph 29.

30.     Answering paragraph 30 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was armed with a knife and screaming on the street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so expressly admitted, Officer Briggs denies each and every allegation contained in paragraph 30.

31.     Answering paragraph 31 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was armed with a knife and screaming on the street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as

1  so expressly admitted, Officer Briggs denies each and every allegation contained in
2  paragraph 31.

3      32.    Answering paragraph 32 of the Second Amended Complaint, insofar
4  as the allegations of this paragraph contain legal conclusions, no answer is required.
5  To the extent an answer is required, Officer Briggs denies each and every allegation
6  contained within paragraph 32.

7      33.    Answering paragraph 33 of the Second Amended Complaint, insofar
8  as the allegations of this paragraph contain legal conclusions, no answer is required.
9  To the extent an answer is required, Officer Briggs denies each and every allegation
10  contained in paragraph 33.

11      34.    Answering paragraph 34 of the Second Amended Complaint, as to the
12  allegations regarding knowledge held by Officer McNeely, the City, LAPD or DOE
13  Defendants, Officer Briggs is without sufficient knowledge or information to form
14  a belief as to the truth of those allegations, and on that basis denies those
15  allegations. As to Officer Briggs' knowledge, Officer Briggs denies that decedent
16  was known, in any way, to Officer Briggs prior to September 27, 2015. As to the
17  remaining allegations, Officer Briggs denies each and every allegation contained in
18  paragraph 34.

19      35.    Answering paragraph 35 of the Second Amended Complaint, insofar
20  as the allegations of this paragraph contain legal conclusions, no answer is required.
21  To the extent an answer is required, Officer Briggs denies each and every allegation
22  contained in paragraph 35.

23      36.    Answering paragraph 36 of the Second Amended Complaint, insofar
24  as the allegations of this paragraph contain legal conclusions, no answer is required.
25  To the extent an answer is required, Officer Briggs is without sufficient knowledge
26  or information to form a belief as to the truth of the allegations, and on that basis
27  denies each and every allegation contained therein.

28      37.    Answering paragraph 37 of the Second Amended Complaint, insofar

as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

38.     Answering paragraph 38 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 38.

39.     Answering paragraph 39 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 39.

## SECOND CAUSE OF ACTION

40.     Paragraph 40 of the Second Amended Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 40, Officer Briggs incorporates its respective admissions and denials to each such paragraph enumerated above.

41.     Answering paragraph 41 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

42.     Answering paragraph 42 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

43.     Answering paragraph 43 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

44.     Answering paragraph 44 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 44 of the Second Amended Complaint.

45.     Answering paragraph 45 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

46.     Answering paragraph 46 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

47.     Answering paragraph 47 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

48.     Answering paragraph 48 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis

1    denies each and every allegation contained therein.

2         49.    Answering paragraph 49 of the Second Amended Complaint, insofar

3    as the allegations of this paragraph contain legal conclusions, no answer is required.

4    To the extent an answer is required, Officer Briggs is without sufficient knowledge

5    or information to form a belief as to the truth of the allegations and on that basis

6    denies each and every allegation contained therein.

7         50.    Answering paragraph 50 of the Second Amended Complaint, insofar

8    as the allegations of this paragraph contain legal conclusions, no answer is required.

9    To the extent an answer is required, Officer Briggs is without sufficient knowledge

10   or information to form a belief as to the truth of the allegations and on that basis

11   denies each and every allegation contained therein.

12

13                        **THIRD CAUSE OF ACTION**

14        51.    Paragraph 51 of the Second Amended Complaint merely incorporates

15   by reference the allegations of previous paragraphs.  In answering paragraph 51,

16   Officer Briggs incorporates its respective admissions and denials to each such

17   paragraph enumerated above.

18        52.    Answering paragraph 52 of the Second Amended Complaint, insofar

19   as the allegations of this paragraph contain legal conclusions, no answer is required.

20   To the extent an answer is required, Officer Briggs admits that he was employed by

21   the Los Angeles Police Department on September 27, 2015. Officer Briggs admits

22   that LAPD Officers were involved in a confrontation with Norma Guzman resulting

23   from a 911 call that she was holding a knife and screaming at the owner of a

24   business located at 2120 South San Pedro Street. Officer Briggs further admits that

25   at the conclusion of the confrontation, one or more LAPD Officers fired at Norma

26   Guzman thereby killing her. As to the remaining allegations and except as so

27   expressly admitted, Officer Briggs denies each and every allegations contained in

28   paragraph 52.

ANSWER TO SECOND AMENDED COMPLAINT

53.     Answering paragraph 53 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that he was employed by the Los Angeles Police Department on September 27, 2015. Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was holding a knife and screaming at the owner of a business located at 2120 South San Pedro Street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so expressly admitted, Officer Briggs denies each and every allegations contained in paragraph 53.

54.     Answering paragraph 54 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that he was employed by the Los Angeles Police Department on September 27, 2015. Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was holding a knife and screaming at the owner of a business located at 2120 South San Pedro Street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so expressly admitted, Officer Briggs denies each and every allegations contained in paragraph 54.

55.     Answering paragraph 55 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 55.

56.     Answering paragraph 56 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.

To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

57.     Answering paragraph 57 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that he was employed by the Los Angeles Police Department on September 27, 2015. Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was holding a knife and screaming at the owner of a business located at 2120 South San Pedro Street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so expressly admitted, Officer Briggs denies each and every allegations contained in paragraph 57.

## **FOURTH CAUSE OF ACTION**

58.     Paragraph 58 of the Second Amended Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 58, Officer Briggs incorporates its respective admissions and denials to each such paragraph enumerated above.

59.     Answering paragraph 59 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs admits that he was employed by the Los Angeles Police Department on September 27, 2015. Officer Briggs admits that LAPD Officers were involved in a confrontation with Norma Guzman resulting from a 911 call that she was holding a knife and screaming at the owner of a business located at 2120 South San Pedro Street. Officer Briggs further admits that at the conclusion of the confrontation, one or more LAPD Officers fired at Norma Guzman thereby killing her. As to the remaining allegations and except as so

1  expressly admitted, Officer Briggs denies each and every allegation contained in
2  paragraph 59.

3      60.    Answering paragraph 60 of the Second Amended Complaint, insofar
4  as the allegations of this paragraph contain legal conclusions, no answer is required.
5  To the extent an answer is required, Officer Briggs denies each and every allegation
6  contained in paragraph 60.

7      61.    Answering paragraph 61 of the Second Amended Complaint, insofar
8  as the allegations of this paragraph contain legal conclusions, no answer is required.
9  To the extent an answer is required, Officer Briggs denies each and every allegation
10 contained in paragraph 61.

11     62.    Answering paragraph 62 of the Second Amended Complaint, insofar
12 as the allegations of this paragraph contain legal conclusions, no answer is required.
13 To the extent an answer is required, Officer Briggs denies each and every allegation
14 contained in paragraph 62.

15     63.    Answering paragraph 63 of the Second Amended Complaint, insofar
16 as the allegations of this paragraph contain legal conclusions, no answer is required.
17 To the extent an answer is required, Officer Briggs denies each and every allegation
18 contained in paragraph 63.

19

20                      **FIFTH CAUSE OF ACTION**[1]

21     64.    Paragraph 64 of the Second Amended Complaint merely incorporates
22 by reference the allegations of previous paragraphs.  In answering paragraph 64,
23 Officer Briggs incorporates its respective admissions and denials to each such
24 paragraph enumerated above.

25     65.    Answering paragraph 65 of the Second Amended Complaint, insofar
26 as the allegations of this paragraph contain legal conclusions, no answer is required.

27

28

---

[1] Though originally plead against Officer Briggs, the Fifth Cause of Action was dismissed as to Officer Briggs pursuant to stipulation and order of the Court. [DKT 67].

1   To the extent an answer is required, Officer Briggs denies each and every allegation
2   contained in paragraph 65.

3       66.     Answering paragraph 66 of the Second Amended Complaint, insofar
4   as the allegations of this paragraph contain legal conclusions, no answer is required.
5   To the extent an answer is required, Officer Briggs denies each and every allegation
6   contained in paragraph 66.

7       67.     Answering paragraph 67 of the Second Amended Complaint, insofar
8   as the allegations of this paragraph contain legal conclusions, no answer is required.
9   To the extent an answer is required, Officer Briggs denies each and every allegation
10  contained in paragraph 67.

11      68.     Answering paragraph 68 of the Second Amended Complaint, insofar
12  as the allegations of this paragraph contain legal conclusions, no answer is required.
13  To the extent an answer is required, Officer Briggs denies each and every allegation
14  contained in paragraph 68.

15      69.     Answering paragraph 69 of the Second Amended Complaint, insofar
16  as the allegations of this paragraph contain legal conclusions, no answer is required.
17  To the extent an answer is required, Officer Briggs denies each and every allegation
18  contained in paragraph 69.

19

20                 **SIXTH CAUSE OF ACTION**[2]

21      70.     Paragraph 70 of the Second Amended Complaint merely incorporates
22  by reference the allegations of previous paragraphs.  In answering paragraph 70,
23  Officer Briggs incorporates its respective admissions and denials to each such
24  paragraph enumerated above.

25      71.     Answering paragraph 71 of the Second Amended Complaint, insofar
26  as the allegations of this paragraph contain legal conclusions, no answer is required.

27

28  [2] Though originally plead against Officer Briggs, the Sixth Cause of Action was dismissed as to Officer Briggs
    pursuant to stipulation and order of the Court. [DKT 67].

To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 71.

72.     Answering paragraph 72 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 72.

## **SEVENTH CAUSE OF ACTION**[3]

73.     Paragraph 73 of the Second Amended Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 73, Officer Briggs incorporates its respective admissions and denials to each such paragraph enumerated above.

74.     Answering paragraph 74 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs denies each and every allegation contained in paragraph 74.

75.     Answering paragraph 75 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

76.     Answering paragraph 76 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

---

[3] Though originally plead against Officer Briggs, the Seventh Cause of Action was dismissed as to Officer Briggs pursuant to stipulation and order of the Court. [DKT 67].

ANSWER TO SECOND AMENDED COMPLAINT

77.     Answering paragraph 77 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

## **EIGHTH CAUSE OF ACTION**

78.     Paragraph 78 of the Second Amended Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 78, Officer Briggs incorporates its respective admissions and denials to each such paragraph enumerated above.

79.     Answering paragraph 79 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

80.     Answering paragraph 80 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

81.     Answering paragraph 81 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

82.     Answering paragraph 82 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.

1   To the extent an answer is required, Officer Briggs is without sufficient knowledge

2   or information to form a belief as to the truth of the allegations and on that basis

3   denies each and every allegation contained therein.

4       83.   Answering paragraph 83 of the Second Amended Complaint, insofar

5   as the allegations of this paragraph contain legal conclusions, no answer is required.

6   To the extent an answer is required, as to the allegations regarding knowledge held

7   by Officer McNeely, the City, LAPD or DOE Defendants or actions of those

8   Defendants, Officer Briggs is without sufficient knowledge or information to form

9   a belief as to the truth of those allegations, and on that basis denies those

10  allegations. As to Officer Briggs' knowledge and actions, Officer Briggs denies

11  each and every allegation contained in paragraph 83.

12      84.   Answering paragraph 84 of the Second Amended Complaint, insofar

13  as the allegations of this paragraph contain legal conclusions, no answer is required.

14  To the extent an answer is required, as to the allegations regarding knowledge held

15  by Officer McNeely, the City, LAPD or DOE Defendants or actions of those

16  Defendants, Officer Briggs is without sufficient knowledge or information to form

17  a belief as to the truth of those allegations, and on that basis denies those

18  allegations. As to Officer Briggs' knowledge and actions, Officer Briggs denies

19  each and every allegation contained in paragraph 84.

20      85.   Answering paragraph 85 of the Second Amended Complaint, insofar

21  as the allegations of this paragraph contain legal conclusions, no answer is required.

22  To the extent an answer is required, as to the allegations regarding knowledge held

23  by Officer McNeely, the City, LAPD or DOE Defendants or actions of those

24  Defendants, Officer Briggs is without sufficient knowledge or information to form

25  a belief as to the truth of those allegations, and on that basis denies those

26  allegations. As to Officer Briggs' knowledge and actions, Officer Briggs denies

27  each and every allegation contained in paragraph 85.

28      86.   Answering paragraph 86 of the Second Amended Complaint, insofar

as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

87. Answering paragraph 87 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, as to the allegations regarding actions by Officer McNeely, the City, LAPD or DOE Defendants or actions of those Defendants, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations. As to Officer Briggs' actions, Officer Briggs denies each and every allegation contained in paragraph 87.

88. Answering paragraph 88 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

89. Answering paragraph 89 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

90. Answering paragraph 90 of the Second Amended Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, as to the allegations regarding knowledge held by Officer McNeely, the City, LAPD or DOE Defendants or actions of those Defendants, Officer Briggs is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those

1    allegations. As to Officer Briggs' knowledge and actions, Officer Briggs denies

2    each and every allegation contained in paragraph 90.

3         91.   Answering paragraph 91 of the Second Amended Complaint, insofar

4    as the allegations of this paragraph contain legal conclusions, no answer is required.

5    To the extent an answer is required, Officer Briggs denies each and every allegation

6    contained in paragraph 91.

7

8                              **AFFIRMATIVE DEFENSES**

9         In addition to each of the admissions and denials set forth above, Officer

10   Briggs asserts the following affirmative defenses.  The assertion of an affirmative

11   defense shall not negate, by any means, Plaintiffs' burden of proof on any element

12   of their claims.

13

14                          **FIRST AFFIRMATIVE DEFENSE**

15                                (Assumption of Risk)

16        Officer Briggs alleges Norma Guzman voluntarily assumed all risks,

17   responsibility and liability for the alleged injuries or damages, if any, sustained by

18   Plaintiffs.

19

20                        **SECOND AFFIRMATIVE DEFENSE**

21                        (Claims Barred by Govt. Code § 820.2)

22        Officer Briggs alleges that each and every state law claim for relief contained

23   in Plaintiffs' Second Amended Complaint is barred by the provisions of

24   Government Code section 820.2.  Specifically, except as otherwise provided by

25   statute, a public employee is not liable for an injury resulting from his act or

26   omission where the act or omission was the result of the exercise of the discretion

27   vested in him, whether or not such discretion be abused.

28

ANSWER TO SECOND AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD AFFIRMATIVE DEFENSE

(Claims Barred by Govt. Code § 820.4)

Officer Briggs alleges that each and every state law claim for relief contained in Plaintiffs' Second Amended Complaint is barred by the provisions of Government Code section 820.4.  Specifically, a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

### FOURTH AFFIRMATIVE DEFENSE

(Claims Barred by Govt. Code § 820.8)

Officer Briggs alleges that each and every state law claim for relief contained in Plaintiffs' Second Amended Complaint is barred by the provisions of Government Code section 820.8.  Specifically, except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.

### FIFTH AFFIRMATIVE DEFENSE

(Claims Barred by Govt. Code § 845.8)

Officer Briggs alleges that each and every state-law claim for relief contained in Plaintiffs' Second Amended Complaint is barred by the provision of Government Code section 845.8.  Specifically, neither a public entity, nor a public employee is liable for any injury caused by (1) an escaping or escaped prisoner; (2) an escaping or escaped arrested person; or (3) a person resisting arrest.

### SIXTH AFFIRMATIVE DEFENSE

(Claims Barred by Govt. Code § 845.6)

Officer Briggs alleges that each and every state-law claim for relief contained in Plaintiffs' Second Amended Complaint is barred by the provision of Government Code section 845.6.  Specifically, neither a public entity, nor a public employee is

- 22 -

1   liable for any injury proximately caused by the failure of the employee to furnish or

2   obtain medical care for a prisoner in his custody.

3

4   **SEVENTH AFFIRMATIVE DEFENSE**

5   (Claims Barred by Govt. Code § 855.6)

6         Officer Briggs alleges that each and every state-law claim for relief contained

7   in Plaintiffs' Second Amended Complaint is barred by the provision of Government

8   Code section 855.6.  Specifically, neither a public entity, nor a public employee is

9   liable for any injury proximately caused by the failure to make a physical or mental

10   examination, or to make an adequate physical or mental examination, of any person

11   for the purpose of determining whether such person has a disease or physical or

12   mental condition that would constitute a hazard to the health or safety of himself or

13   others.

14

15   **EIGHTH AFFIRMATIVE DEFENSE**

16   (Privilege)

17         Officer Briggs alleges that each and claim for relief contained in Plaintiffs'

18   Second Amended Complaint is barred because his conduct was, at all times,

19   justified and privileged.

20

21   **NINTH AFFIRMATIVE DEFENSE**

22   (Acts or Omissions of Plaintiff)

23         Officer Briggs alleges that, to the extent Plaintiffs suffered any damages,

24   which Officer Briggs denies, they were caused solely by the actions or omissions of

25   Norma Guzman.

26

27

28

## TENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

Officer Briggs alleges that each and every claim for relief stated in Plaintiffs' Second Amended Complaint is barred and/or subject to offset and reduction by virtue of the comparative negligence of Norma Guzman and/or others persons.

## ELEVENTH AFFIRMATIVE DEFENSE

(Apportionment)

Officer Briggs alleges that, if Plaintiffs suffered or sustained any loss or damage as alleged in the Second Amended Complaint, such loss or damage was proximately caused and contributed to by persons or entities other than Officer Briggs.  The liability of all defendants, named or unnamed, should be apportioned according to the relative degrees of fault, and the liability of Officer Briggs should be reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

(Probable Cause of Threat)

Officer Briggs alleges that each and every claim for relief contained in Plaintiffs' Second Amended Complaint is barred because Officer Briggs had probable cause to believe that Norma Guzman posed a threat of serious physical harm to Officer Briggs or others.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Officer Briggs alleges that Plaintiffs' claims for damages are barred, either in whole or in part, because Plaintiffs' purported damages are remote, speculative and/or unavailable as a matter of law.

ANSWER TO SECOND AMENDED COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

Officer Briggs alleges that the First Claim for Relief contained in Plaintiffs' Second Amended Complaint is barred because he is entitled to qualified immunity.


## FIFTEENTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

Officer Briggs alleges that he is without sufficient information as to the nature and scope of Plaintiffs' claims for relief to be able to be fully assess and set forth all potentially-applicable affirmative defenses in this matter.  Accordingly, Officer Briggs hereby reserves the right to allege additional affirmative defenses as further information becomes known.


## PRAYER FOR RELIEF

WHEREFORE, Officer Briggs prays as follows:

1.      That Plaintiffs take nothing by reason of their Second Amended Complaint, and that judgment be entered in favor of Officer Briggs;

2.      That Officer Briggs be awarded costs of suit and attorney's fees incurred in defense of this action pursuant to 42 U.S.C. § 1988 and other legal grounds; and

3.      For such other and further relief as the Court deems just and proper.

Dated:      October 25, 2017

Respectfully submitted,

JONES & MAYER

By: *s/ James R. Touchstone*
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
Attorneys for Officer Samuel Briggs

ANSWER TO SECOND AMENDED COMPLAINT