| | |
|---|---|
| 1 | **MICHAEL N. FEUER,** City Attorney (SBN 111529x)<br>**THOMAS H. PETERS,** Chief Assistant City Attorney (SBN 163388) |
| 2 | **CORY M. BRENTE,** Supervising Assistant City Attorney (SBN 115453)<br>**CHRISTIAN R. BOJORQUEZ,** Deputy City Attorney (SBN 192872) |
| 3 | **MATTHEW P. MATTIS**, Deputy City Attorney (SBN 225047)<br>200 N. Main Street, 6th Floor, City Hall East |
| 4 | Los Angeles, California  90012<br>Tel:  (213) 978-7023   Fax:  (213) 978-8785 |
| 5 | Email: matthew.mattis@lacity.org |
| 6 | Attorneys for Defendants CITY OF LOS ANGELES and ANTONIO McNEELY |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF NORMA GUZMAN, by and through successor in interest, GLORIA GONZALEZ, individually | Case No. CV15-7932 JAK (FFM)<br> Consolidated with CV16-03101 JAK (FFMx)<br>Hon Judge:  John A. Kronstadt; Ctrm 10B<br>Hon Magistrate Judge: Frederick F. Mumm |
| Plaintiffs,<br>vs. | |
| CITY OF LOS ANGELES, DOE OFFICERS 1 through 5, and DOES 6 through 10, INCLUSIVE, and DOES 1 through 10,<br>Defendants. | **DEFENDANTS' [PROPOSED] ADDITIONAL JURY INSTRUCTIONS**<br><br>FINAL PRE-TRIAL CONFERENCE:<br>Date:         November 20, 2017<br>Time:         10:00 a.m.<br>Courtroom:  10B |
| MARCOS CASTANEDA, et al.<br>Plaintiffs<br>vs.<br>CITY OF LOS ANGELES, et al.<br>Defendants. | TRIAL DATE:  December 12, 2017 |

**TO THIS HONORABLE COURT, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD THEREIN:**

PLEASE TAKE NOTICE that in addition to the Proposed Joint Jury instructions, Defendants City of Los Angeles, et al, jointly propose the following jury instructions in addition to those jointly submitted.

Dated: November 6, 2017

MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Assistant City Attorney
CORY M. BRENTE, Supervising City Attorney
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney

By: /s/ *Matthew P. Mattis*
MATTHEW P. MATTIS, Deputy City Attorney
Attorneys for Defendants CITY OF LOS ANGELES and ANTONIO McNEELY

# INSTRUCTION REGARDING FOURTEENTH AMENDMENT INTERFERENCE WITH FAMILIAL INTEGRITY
## (PROPOSED BY DEFENDANTS)

As previously explained, Plaintiffs have the burden to prove that the acts and the failures to act of Defendant Officers deprived Plaintiffs of their particular rights under the United States Constitution.

Under the Due Process Clause of the Fourteenth Amendment, a person has the right to be free from governmental interference with their familial relationships. In order to prove that any Defendant Officer(s) deprived Plaintiffs of their Fourteenth Amendment right to be free from unreasonable state interference with their relationship with Plaintiff decedent Norma Guzman, Plaintiffs must prove by a preponderance of the evidence that such Defendant(s) actions shocks the conscience, and those actions were a substantial cause of Plaintiff decedent Norma Guzman's harm.

If you find that deliberation by any such Defendant Officer(s) was practical prior to his/her use of force, the "Deliberate Indifference" standard applies. Deliberate indifference is reflected by a conscious disregard for a risk to health or safety of the Plaintiff decedent Norma Guzman.

However, if you find that Defendant Officer(s) encountered a circumstance such that it was impractical for that Defendant Officer(s) to deliberate before the use of force, then you are not to consider whether such Defendant Officer(s) acted with deliberate indifference. Instead, Plaintiffs must prove by a preponderance of the evidence that Defendant Officer(s) acted with a purpose to harm Plaintiff decedent Norma Guzman that was unrelated to a legitimate law enforcement objective when Defendant Officer(s) used force on Plaintiff decedent Norma Guzman.

***Authority - Source:***

*Porter v. Osborn,* 546 F.3rd 1131, 1136-37 (2009); *Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 372-73 (9th Cir. 1998).

# INSTRUCTION REGARDING CACI 406. Apportionment of Responsibility - CACI

Defendants claim that the negligence of decedent Norma Guzman contributed to her own harm. To succeed on this claim, THE CITY OF LOS ANGELES et al must prove both of the following:

1. That decedent Norma Guzman was negligent; and
2. That the negligence of decedent Norma Guzman was a substantial factor in causing her own harm.

If you find that the negligence of more than one person including Defendants and decedent Norma Guzman was a substantial factor in causing her own harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

**INSTRUCTION REGARDING CACI 407. Comparative Fault of Decedent - CACI**

Defendants claims that decedent Norma Guzman's own negligence contributed to her death. To succeed on this claim, Defendants must prove both of the following:

1. That decedent Norma Guzman was negligent; and
2. That decedent Noram Guzman's negligence was a substantial factor in causing her death.

If Defendants prove the above, Plaintiffs' damages are reduced by your determination of the percentage of decedent Norma Guzman's responsibility. I will calculate the actual reduction.

# INSTRUCTION REGARDING CACI 452. Sudden Emergency - CACI

Defendants claim that they were not negligent because they acted with reasonable care in an emergency situation. Defendants were not negligent if it proves all of the following:

1. That there was a sudden and unexpected emergency situation in which someone was in actual or apparent danger of immediate injury;
2. That Defendants did not cause the emergency; and
3. That Defendants acted as a reasonably careful person would have acted in similar circumstances, even if it appears later that a different course of action would have been safer.

# DEFENDANTS' SPECIAL JURY INSTRUCTION NO. 1

A police department's internal policies and regulations do not create the legal standard of care in a negligence case.

Departmental or municipal policy directives may prescribe what conduct is expected of police personnel under particular circumstances. However, such policy directives cannot create a duty to individual citizens. Accordingly, a violation of a departmental policy does not alone, amount to a violation of the law.

AUTHORITY

*Lehto v. City of Oxnard,* 171 Cal.App.3d 285, 294-95, 217 Cal.Rptr. 450 (1985);

Cal. Evid. Code § 669.1;

*Maddox v City of Los Angeles,* 792 F.2d 1408, 1417 (9th Cir. 1986);

*Davis v. Scherer,* 468 U.S. 183, 194; 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984);

*Edwards v. Baer,* 863 F.2d 606, 608 (8th Cir. 1989).

**DEFENDANTS' SPECIAL JURY INSTRUCTION NO. 2**

In evaluating whether any Defendant(s) was/were negligent in this matter, you must determine whether any Defendant(s) conduct was within the range of conduct that was reasonable under the totality of the circumstances. Law enforcement personnel have a degree of discretion as to how they choose to address a particular situation.

In determining whether the range of conduct was reasonable, there is no requirement that Defendant(s) choose:

    1)    the most reasonable action; or

    2)    the least likely to cause harm.

*Hayes v. County of San Diego,* 57 Cal.4th 622, (emphasis added).

"Although preshooting conduct is included in the totality of circumstances, we do not want to suggest that a particular preshooting protocol (such as a background check or consultation with psychiatric experts) is always required. Law enforcement personnel have a degree of discretion as to how they choose to address a particular situation."

*Brown v. Ransweiler,* 171 Cal.App.4th 516, 537-538

The law has never been applied to suggest that there is only one reasonable action that an officer may take under a given set of circumstances. There will virtually always be a range of conduct that is reasonable....It would be unreasonable to require police officers in the field to engage in the sort of complex calculus that would be necessary to determine the "best" or most effective and least dangerous method of handling an immediate and dangerous situation, particularly when officers are forced to make split-second decisions under tense and often perilous conditions.

*Brown v. Ransweiler,* 171 Cal.App.4th 516, 537–538 (2009) that, "[a]s long as an officer's conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the 'most reasonable' action or the conduct that is the least likely to cause harm and at the same time the most likely to result in the successful apprehension of a violent suspect, in order to avoid liability for negligence." *Hayes, supra,* 57 Cal. 4th at 632.