ARNOLDO CASILLAS, SBN 158519
DANIEL W. GILLETTE, SBN 244019
**CASILLAS & ASSOCIATES**
3777 Long Beach Boulevard, 3rd Floor
Long Beach, California 90807
Telephone:   (562) 203-3030
Facsimile:   (323) 297-2833
Email: acasillas@casillaslegal.com

Attorneys for Plaintiffs,
Estate of Norma Guzman and Gloria Gonzalez

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF NORMA GUZMAN, by and through successor in interest GLORIA GONZALEZ, individually,<br><br>        Plaintiffs,<br>vs.<br><br>CITY OF LOS ANGELES, DOE OFFICERS 1 through 5 and DOES 6 through 10, INCLUSIVE, and DOES 1 through 10,<br><br>        Defendant.<br>_____<br><br>AND CONSOLIDATED ACTION(S)<br>_____ | Lead Case No.: CV15-07932 JAK (FFMx)<br>Consolidated with.: CV16-03101 JAK (FFMx)<br><br>Hon Judge: John A. Kronstadt; Ctrm 750<br>Hon Magistrate Judge: Frederick F. Mumm<br><br>**JOINT [PROPOSED] JURY INSTRUCTIONS**<br><br>Trial Date:   December 13, 2017 |

        Pursuant to the Court's Standing Order and the Local Rules, Plaintiffs,
Estate of Norma Guzman, by and through successors in interest, Gloria
Gonzalez, and Gloria Gonzalez, individually, Eric Castaneda Guzman, Marcos
Castaneda Rocha, and Defendants, City of Los Angeles, Samuel Briggs, and
Antonio McNeely, hereby submit the following proposed joint jury instructions:
////

| No. | Title | Source | Page |
|---|---|---|---|
| 1. | Duty of Jury | 9th Cir. 1.4 | 5 |
| 2. | Claims and Defenses | 9th Cir. 1.5 | 7 |
| 3. | Burden of Proof - Preponderance of the Evidence | 9th Cir. 1.6 | 9 |
| 4. | What is Evidence | 9th Cir. 1.9 | 11 |
| 5. | Stipulation of Fact (Color of Law) | 9th Cir. 2.2 | 13 |
| 6. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 15 |
| 7. | What is not Evidence | 9th Cir. 1.10 | 17 |
| 8. | Ruling on Objections | 9th Cir. 1.13 | 19 |
| 9. | Credibility of Witnesses | 9th Cir. 1.14 | 21 |
| 10. | Conduct of the Jury | 9th Cir. 1.15 | 24 |
| 11. | Publicity During Trial | 9th Cir. 1.16 | 27 |
| 12. | No Transcript Available to Jury | 9th Cir. 1.17 | 29 |
| 13. | Taking Notes | 9th Cir. 1.18 | 31 |
| 14. | Bench Conferences and Recesses | 9th Cir. 1.20 | 33 |
| 15. | Outline of Trial | 9th Cir. 1.21 | 35 |
| 16. | Transcript of Tape Recording | 9th Cir. 2.5 | 37 |
| 17. | Foreign Language Testimony | 9th Cir. 2.8 | 39 |
| 18. | Use of Interrogatories | 9th Cir. 2.11 | 41 |
| 19. | Expert Opinion | 9th Cir. 2.13 | 43 |
| 20. | Experts-Questions Containing Assumed Facts | CACI 220 | 45 |
| 21. | Conflicting Expert Testimony | CACI 221 | 47 |
| 22. | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 49 |

1

| No. | Title | Source | Page |
|---|---|---|---|
| 23. | Section 1983 Claim- Introductory Instruction | 9th Cir. 9.1 | 51 |
| 24. | Section 1983 Claim Against Individual Defendant | 9th Cir. 9.3 | 53 |
| 25. | Particular Rights— 4th Amendment/Ex Force | 9th Cir. 9.25 | 55 |
| 26. | Causation | 9th Cir. 9.2 | 58 |
| 27. | Section 1983 Claim against Local Governing Body Defendants Based on Unlawful Official Policy, Practice, or Custom - Elements and Burden of Proof | 9th Cir. 9.5 | 60 |
| 28. | Section 1983 Claim Against Local Governing Body Defendants Based on a Policy that Fails to Prevent Violations of Law or a Policy of Failure to Train  Elements and Burden of Proof | 9th Cir. 9.8 | 63 |
| 29. | Negligent Hiring, Supervision, or Retention | CACI 426 | 66 |
| 30. | Battery - Essential Factual Elements | CACI 1300 | 68 |
| 31. | Assault  -  Essential  Factual Elements | CACI 1301 | 70 |
| 32. | Consent Explained | CACI 1302 | 72 |
| 33. | Battery by Police Officer | CACI 1305 | 74 |
| 34. | Intent | CACI 1320 | 77 |
| 35. | Particular Rights-4th Am- Unreas Seizure | 9th Cir. 9.20 | 79 |

| No. | Title | Source | Page |
|---|---|---|---|
| 36. | Unreasonable Force by Officer in Seizure | CACI 440 | 81 |
| 37. | Particular Rights – Fourteenth Amendment – Interference with Familial Relationship | 9th Cir. 9.32 | 84 |
| 38. | Basic Standard of Care | CACI 401 | 86 |
| 39. | Causation: Substantial Factor | CACI 430 | 88 |
| 40. | Damages—Proof | 9th Cir. 5.1/5.2 | 90 |
| 41. | Acts of Violence - Ralph Act - Essential Factual Elements (Civ. Code, §51.7) | CACI 3063 | 93 |
| 42. | Bane Act - Essential Factual Elements (Civ. Code §52.1) | CACI 3066 | 95 |
| 43. | Ralph Act - Damages and Penalty (Civ. Code, §§51.7, 52(b)) | CACI 3068 | 97 |
| 44. | Wrongful Death (Death of an Adult) | CACI 3921 | 99 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

| No. | Title | Source | Page |
|---|---|---|---|
| 45. | Elements of a Claim under the Americans with Disabilities Act ("ADA") | 42 U.S.C. § 12132; Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997); Thomas v. Sacramento Cnty., 2017 U.S. Dist. LEXIS 19504 (East. Dist. of Calif. 2017); Sheehan v. City & Cty. of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part on unrelated grounds, City & Cty. of San Francisco, Calif. v. Sheehan, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015)) | 102 |
| 46. | ADA - Mental or Physical Impairment | 9th Cir., 12.2 | 104 |
| 47. | Measures of Types of Damages | 9th Cir. 5.2 | 105 |
| 48. | Nominal Damages | 9th Cir. 5.6 | 107 |
| 49. | Argument is not Evidence | CACI 3925 | 109 |
| 50. | Duty to Deliberate | 9th Cir. 3.1 | 111 |
| 51. | Consideration of Evidence-Conduct of the Jury | 9th Cir. 3.2 | 113 |
| 52. | Communication With Court | 9th Cir. 3.3 | 116 |
| 53. | Return of Verdict | 9th Cir. 3.5 | 118 |

4

# PROPOSED JOINT INSTRUCTION NO. 1
## <u>Duty of Jury 1.4</u>

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***Authority***:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.4 .

**PROPOSED JOINT INSTRUCTION NO. 2**

**<u>Claims and Defenses 1.5</u>**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs assert that Officers Samuel Briggs and Antonio McNeely used excessive force and were negligent.  The plaintiffs have the burden of proving these claims.

The plaintiffs deny defendants' affirmative defense.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.5.

**PROPOSED JOINT INSTRUCTION NO. 3**

**<u>Burden of Proof – Preponderance of the Evidence 1.6</u>**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.6.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 4**

## What is Evidence 1.9

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] you to accept as proved.

1
2    ***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017
3    edition, Section 1.9.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JOINT INSTRUCTION NO. 5**

**Stipulations of Fact 2.2**

The parties have agreed to certain facts that will be read to you:

1.      Officers Samuel Briggs and Antonio McNeely acted under color of law and within the course and scope of their employment with the City of Los Angeles.

You must therefore treat these facts as having been proved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***Authority***:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 2.2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JOINT INSTRUCTION NO. 6**

**<u>Direct and Circumstantial Evidence 1.12</u>**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

***Authority***:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.12.

## PROPOSED JOINT INSTRUCTION NO. 7
### **What is Not Evidence 1.10**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2    *Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017
3    edition, Section 1.10.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 8**

**<u>Ruling on Objections 1.13</u>**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

1

2
***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017
edition, Section 1.13.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 9**

**<u>Credibility of Witnesses 1.14</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2   ***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017
    edition, Section 1.14.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 10**

**<u>Conduct of the Jury 1.15</u>**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any

news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1

2    ***Authority***:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017
     edition, Section 1.15.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 11**

**<u>Publicity During Trial 1.16</u>**

 If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.16.

**PROPOSED JOINT INSTRUCTION NO. 12**

**<u>No Transcript Available to Jury 1.17</u>**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.17.

**PROPOSED JOINT INSTRUCTION NO. 13**

**<u>Taking Notes 1.18</u>**

  If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

  Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

1

2   ***Authority***:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017
    edition, Section 1.18.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 14**

**<u>Bench Conferences and Recesses 1.20</u>**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 1.20.

**PROPOSED JOINT INSTRUCTION NO. 15**

<u>**Outline of Trial 1.21**</u>

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1

2      ***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017
       edition, Section 1.21.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 16**

**<u>Transcript of Tape Recording 2.5</u>**

You have heard and/or watched a recording that has been received in evidence. Each of you was given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling. After the recording has been played, the transcript will be taken from you.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 2.5.

**PROPOSED JOINT INSTRUCTION NO. 17**

**Foreign Language Testimony 2.8**

You have heard testimony of a witness who testified in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 2.8.

**PROPOSED JOINT INSTRUCTION NO. 18**

**<u>Use of Interrogatories 2.11</u>**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

2   ***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017
    edition, Section 2.11.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JOINT INSTRUCTION NO. 19

### Expert Opinion 2.13

You have heard testimony from experts who testified to opinions and the reasons for his or her opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***Authority***:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 2.13.

**PROPOSED JOINT INSTRUCTION NO. 20**

**<u>Experts – Questions Containing Assumed Facts</u>**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

*Authority*:  CACI 220.

## PROPOSED JOINT INSTRUCTION NO. 21
### <u>Conflicting Expert Testimony</u>

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

1
2      *Authority*:  CACI 221.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JOINT INSTRUCTION NO. 22**

**<u>Depositions 2.4</u>**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 2.4.

**PROPOSED JOINT INSTRUCTION NO. 23**

**Section 1983 Claim—Introductory Instruction 9.1**

The plaintiffs brings their claims under the federal statute, 42 U.S.C. §1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 9.1.

**PROPOSED JOINT INSTRUCTION NO. 24**

<u>**Section 1983 Claim Against Defendant In Individual Capacity—Elements**</u>

<u>**And Burden Of Proof 9.3**</u>

In order to prevail on their §1983 claim against Officers Samuel Briggs and Antonio McNeely, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     Officers Samuel Briggs and Antonio McNeely acted under color of law; and

2.     The acts of Officers Samuel Briggs and Antonio McNeely deprived Norma Guzman of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that Officers Samuel Briggs and Antonio McNeely acted under color of law.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instructions to follow, your verdict should be for the plaintiffs. If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

1

2 *Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017
edition, Section 9.3.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 25**

**Particular Rights – Fourth Amendment- Unreasonable Seizure of Person –**

**Excessive Force 9.25**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in defending himself. Therefore, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that the Officers Samuel Briggs and Antonio McNeely used excessive force when he shot Norma Guzman.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.     the nature of the crime or other circumstances known to the officer at the time force was applied;

2.     whether the decedent posed an immediate threat to the safety of the officer or to others;

3.     whether the decedent was actively resisting arrest or attempting to evade arrest by flight;

4.     the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period; and

5.     the type and amount of force used;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the decedent has committed or was committing a crime.

1

2 ***Authority***:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017
edition, Section 9.25.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 26**

**<u>Causation 9.2</u>**

To prove a violation of a federal civil right, the plaintiffs must prove by a preponderance of the evidence that the acts or omissions of the defendant were the cause of the deprivation of the decedent's rights protected by the Constitution of the United States.

1

2
***Authority***:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017

3
edition, Section 9.2 comments; Crowe v. County. of San Diego (SD CA 2004)

4
303 FS2d 1050, 1091, aff'd in part, rev'd in part and remanded, 593 F.3d 841 (9th

5
Cir. 2010), opinion amended and superseded on denial of reh'g, 608 F.3d 406 (9th

6
Cir. 2010), and aff'd in part, rev'd in part and remanded, 608 F.3d 406 (9th Cir.

7
2010).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JOINT INSTRUCTION NO. 27

### Section 1983 Claim against Local Governing Body Defendants Based on Unlawful Official Policy, Practice, or Custom - Elements and Burden of Proof

In order to prevail on their § 1983 claim against defendant City of Los Angeles alleging liability based on an official policy, practice, or custom, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      Officers Antonio McNeely and Samuel Briggs acted under color of state law;

2.      The acts of Officers Samuel Briggs and Antonio McNeely deprived the plaintiffs and Norma Guzman of their particular rights under the laws of the United States and the United States Constitution as explained in later instructions;

3.      Officers Antonio McNeely and Samuel Briggs acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant City of Los Angeles; and

4.      The defendant City of Los Angeles' official policy or widespread or longstanding practice or custom caused the deprivation of Norma Guzman's rights by the Officers Briggs and McNeely; that is, the City of Los Angeles' official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal

law, ordinance or regulation.  [The parties have stipulated that Officers Briggs and McNeely acted under color of state law.]

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant City of Los Angeles, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant City of Los Angeles.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instructions Nos. 25 or 35, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these, your verdict should be for the defendant.

*Authority*:   <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017 edition, Section 9.5 comments

## PROPOSED JOINT INSTRUCTION NO. 28

**Section 1983 Claim Against Local Governing Body Defendants Based on a**
**Policy that Fails to Prevent Violations of Law or a Policy of Failure to Train**
**- Elements and Burden of Proof**

In order to prevail on their § 1983 claim against defendant City of Los Angeles alleging liability based on a failure to train its police officers, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     The act of Officers Samuel Briggs and Antonio McNeely deprived the plaintiffs and Norma Guzman of their particular rights under the laws of the United States and the United States Constitution as explained in later instructions;

2.     Officers Samuel Briggs and Antonio McNeely acted under color of state law;

3.     The training policies of the defendant City of Los Angeles were not adequate to train its police officers to handle the usual and recurring situations with which they must deal];

4.     The defendant City of Los Angeles was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately; and

5.     The failure of the defendant City of Los Angeles to provide adequate training caused the deprivation of the plaintiff's rights by the Officers Samuel Briggs and Antonio McNeely that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal

law, ordinance or regulation. [The parties have stipulated that Officers Samuel Briggs and Antonio McNeely  acted under color of state law.]

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.  [A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations.  To establish that there is a policy based on a failure to preserve constitutional rights, the plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the plaintiff's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.]

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  The plaintiffs may prove deliberate indifference in this case by showing that the defendant City of Los Angeles knew its failure to train adequately made it highly predictable that its police officer's would engage in conduct that would deprive persons such as the plaintiffs and Norma Guzman of their rights.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instructions Nos. 25 or 35, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these, your verdict should be for the defendant.

***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017 edition, Section 9.8 comments

**PROPOSED JOINT INSTRUCTION NO. 29**

**Negligent Hiring, Supervision, or Retention of Employee**

Plaintiffs claims that they were harmed by Officers Briggs and McNeely and that City of Los Angeles is responsible for that harm because City of Los Angeles negligently hired, supervised and/or retained Officers Briggs and McNeely. To establish this claim, plaintiffs must prove all of the following:

1.      Defendant City of Los Angeles hired Officers Briggs and McNeely;

2.      That Officers Briggs and McNeely were unfit or incompetent to perform the work for which they were hired;

3.      That City of Los Angeles knew or should have known that Officers Briggs and McNeely became unfit or incompetent / other particular risk and that this unfitness or incompetence created a particular risk to others;

4.      That Officers Briggs and McNeely's unfitness or incompetence harmed plaintiff and Norma Guzman; and

5.      That City of Los Angeles' negligence in hiring, supervising and retaining Officers Briggs and McNeely was a substantial factor in causing plaintiffs' harm.

*Authority*:  CACI 426.

## PROPOSED JOINT INSTRUCTION NO. 30

### **<u>Battery—Essential Factual Elements</u>**

Plaintiffs claim that Officers Samuel Briggs and Antonio McNeely committed a battery.

To establish this claim, plaintiffs must prove all of the following:

1.     That Officers Samuel Briggs and Antonio McNeely touched Norma Guzman with the intent to harm her;

2.     That Norma Guzman did not consent to the touching; and

3.     That Norma Guzman was harmed by Officers Samuel Briggs and Antonio McNeely; and

4.     That a reasonable person in Norma Guzman's situation would have been offended by the touching.

*Authority*:  CACI 283.

**PROPOSED JOINT INSTRUCTION NO. 31**

**<u>Assault—Essential Factual Elements</u>**

Plaintiffs claim that Officers Samuel Briggs and Antonio McNeely assaulted Norma Guzman. To establish this claim, plaintiffs must prove all of the following:

1.     That Officers Samuel Briggs and Antonio McNeely acted, intending to cause harmful [or offensive] contact;

2.     That Norma Guzman reasonably believed that she was about to be touched in a harmful manner;

3.     That Norma Guzman did not consent to Officers Samuel Briggs and Antonio McNeely's conduct;

4.     That Norma Guzman was harmed; and

5.     That Officers Samuel Briggs and Antonio McNeely's conduct was a substantial factor in causing Norma Guzman's  harm.

1

*Authority*:  CACI 283.

**PROPOSED JOINT INSTRUCTION NO. 32:**

**<u>Consent Explained</u>**

A person may express consent by words or acts that are reasonably understood by another person as consent.

A person may also express consent by silence or inaction if a reasonable person would understand that the silence or inaction intended to indicate consent.

*Authority*:  CACI 1302.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JOINT INSTRUCTION NO. 33
### <u>Battery by Police Officer</u>

Plaintiffs claim that Officers Samuel Briggs and Antonio McNeely harmed decedent Norma Guzman by using unreasonable force to overcome her resistance. To establish this claim, Plaintiffs must prove all of the following:

1.      That Officers Samuel Briggs and Antonio McNeely intentionally touched Norma Guzman;

2.      That Officers Samuel Briggs and Antonio McNeely used unreasonable force to overcome the resistance of Norma Guzman;

3.      That Norma Guzman did not consent to the use of that force;

4.      That Norma Guzman was harmed; and

5.      That Officers Samuel Briggs and Antonio McNeely' use of unreasonable force was a substantial factor in causing Norma Guzman's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Officers Samuel Briggs and Antonio McNeely used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Officers Samuel Briggs and Antonio McNeely' position under the same or similar circumstances. You should consider, among other factors, the following:

A.      The seriousness of the crime at issue;

B.      Whether Norma Guzman reasonably appeared to pose an immediate threat to the safety of Officers Samuel Briggs and Antonio McNeely or others; and

C.     Whether Norma Guzman was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

1
2   *Authority*:  CACI 1305.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROPOSED JOINT INSTRUCTION NO. 34

## <u>Intent</u>

Defendants acted intentionally if they intended to assault and/or commit a battery on Norma Guzman or if they were substantially certain that the assault and battery would result from their conduct.

*Authority:* CACI 1320.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JOINT INSTRUCTION NO. 35**

**<u>Particular Rights – Fourth Amendment- Unreasonable Seizure of Person –</u>**

**<u>Generally 9.20</u>**

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the plaintiffs must prove that the defendants Briggs and McNeely meant to engage in the acts that caused a seizure of the decedent.  Although the plaintiffs do not need to prove the defendants intended to violate the decedent's Fourth Amendment rights, it is not enough if the plaintiffs only prove that the defendants acted negligently, accidentally or inadvertently in conducting the seizure.

There is no dispute that Officers Samuel Briggs and Antonio McNeely intentionally fired their weapons.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 9.20.

**PROPOSED JOINT INSTRUCTION NO. 36**

**<u>Unreasonable Force by Officer in Seizure</u>**

A law enforcement officer may use reasonable force to arrest or detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to accomplish the arrest or detention. Plaintiffs claim that Officers Samuel Briggs and Antonio McNeely used unreasonable force in detaining decedent. To establish this claim, plaintiffs must prove all of the following:

1.      That Officers Samuel Briggs and Antonio McNeely used force in detaining decedent;

2.      That the amount of force used by Officers Samuel Briggs and Antonio McNeely was unreasonable;

3.      That decedent was harmed; and

4.      That Officers Samuel Briggs and Antonio McNeely' use of unreasonable force was a substantial factor in causing decedent's harm.

In deciding whether Officers Samuel Briggs and Antonio McNeely used unreasonable force, you must consider all of the circumstances of the detention and determine what force a reasonable police officer in Officers Samuel Briggs and Antonio McNeely' position would have used under the same or similar circumstances. Among the factors to be considered are the following:

A.      Whether decedent reasonably appeared to pose an immediate threat to the safety of Officers Samuel Briggs and Antonio McNeely or others;

B.      The seriousness of the crime at issue; and

C.      Whether decedent was actively resisting detention or attempting to avoid detention by flight; and

D.    Officers Samuel Briggs and Antonio McNeely' tactical conduct and decisions before using deadly force on Norma Guzman.

*Authority*:  CACI 440.

**PROPOSED JOINT INSTRUCTION NO. 37**

**9.32 PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—**
**SUBSTANTIVE DUE PROCESS—INTERFERENCE WITH FAMILIAL**
**RELATIONSHIP**

Plaintiff Gloria Gonzalez asserts a violation of his Fourteenth Amendment liberty interests in the companionship of the decedent Norma Guzman, plaintiff Gloria Gonzalez' daughter.  This claim is based on the Due Process Clause of the Fourteenth Amendment, which provides in relevant part:  "No state shall … deprive any person of … liberty … without due process of law."

In order to prevail on this claim, Plaintiff Gloria Gonzalez must prove by a preponderance of the evidence that:

1.  A defendant acted in a manner which "shocks the conscience," and

2.  The action of that defendant was the cause of decedent's death.

The standard you should apply in determining whether a Defendant's actions "shock the conscience" depends on whether you find that the defendant had the opportunity to deliberate before the actions, as follows:

1.  If you find that the defendant had the opportunity to deliberate before the action, then the action "shocks the conscience" if undertaken with deliberate indifference to the decedent's safety.

If you find that the defendant did not have the opportunity to deliberate before the action, then the action "shocks the conscience" if undertaken with a purpose to harm the decedent that was unrelated to the legitimate law enforcement objectives.

1

2    ***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017

3    edition, Section 9.32.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JOINT INSTRUCTION NO. 38**

**<u>Basic Standard of Care</u>**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Norma Guzman's situation.

*Authority*:  CACI 401.

**PROPOSED JOINT INSTRUCTION NO. 39**

**<u>Causation:  Substantial Factor</u>**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

*Authority*:  CACI 430.

**PROPOSED JOINT INSTRUCTION NO. 40**

**<u>Damages – Proof 5.1/5.2</u>**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you decide that the Plaintiffs have proved their claim against Officers Samuel Briggs and Antonio McNeely and the City of Los Angeles for the death of decedent Norma Guzman, you also must decide how much money will reasonably compensate Plaintiffs for the death of decedent Norma Guzman. This compensation is called "damages."

The plaintiffs have the burden of proving damages by a preponderance of the evidence. Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

Plaintiffs claim the following economic damages:

Funeral and burial expenses.

Plaintiffs claim the following noneconomic damages:

The loss of decedent Norma Guzman's love, companionship, comfort, care assistance, protection, affection, society, and moral support.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

For these noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiffs for those damages. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to future economic damages.

In determining Plaintiffs' loss, do not consider:

1     1.     Plaintiffs' grief, sorrow or mental anguish;

2     2.     Decedent Norma Guzman's pain and suffering; or

3     3.     The poverty or wealth of Plaintiffs.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation.

I will now instruct you on the damages claimed by the Estate of Norma Guzman.

In the event you find the Defendants Briggs and McNeely have violated the civil rights of Norma Guzman under color of law by the excessive use of force which resulted in her death, you may award damages to the heirs of the Estate of the decedent Norma Guzman in an amount to reasonably compensate for the loss of the decedent's enjoyment of life's activities.  You may also award an amount to the Estate of the decedent that will reasonably compensate for the denial of Norma Guzman's civil rights resulting from her wrongful death.  You may consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonable probability would have been experienced in the future; and

The mental, physical, emotional pain and suffering experienced after Norma Guzman was shot and prior to her death.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence, and not upon speculation, guesswork or conjecture.

91

1

2    ***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017

3    edition, Section 5.1/5.2.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 41**

**Acts of Violence—Ralph Act—Essential Factual Elements**

**(Civ. Code, § 51.7)**

Plaintiffs claim that defendants committed an act of violence against Norma Guzman because of her race and disability.

To establish this claim, plaintiffs must prove all of the following:

1.    That defendants committed a violent act against Norma Guzman;

2.    That a substantial motivating reason for defendants' conduct was their perception of Norma Guzman's race and disability;

3.    That Norma Guzman was harmed; and

4.    That defendants' conduct was a substantial factor in causing Norma Guzman's harm.

93

*Authority:* CACI 3063

**PROPOSED JOINT INSTRUCTION NO. 42**

**Bane Act—Essential Factual Elements (Civ. Code, § 52.1)**

Plaintiffs  claims that defendants intentionally interfered with their and Norma Guzman's civil rights by threats, intimidation, or coercion. To establish this claim, plaintiffs  must prove all of the following:

1.      That defendants acted violently against Norma Guzman to prevent her from exercising her constitutional rights;

2.      That Norma Guzman was harmed; and

3.      That defendants'  conduct was a substantial factor in causing Norma Guzman's harm.

*Authority:* CACI 3066

**PROPOSED JOINT INSTRUCTION NO. 43**

**<u>Ralph Act—Damages and Penalty (Civ. Code, §§ 51.7, 52(b))</u>**

If you decide that plaintiffs have proved their claim against defendants, you must award the following:

1.  Actual damages sufficient to reasonably compensate plaintiffs  for the harm;

2.  A civil penalty of $25,000; and

3.  Punitive damages.

Plaintiffs must prove the amount of their actual damages.

However, plaintiffs do not have to prove the exact amount of the harm or the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

*Authority:* CACI 3068

**PROPOSED JOINT INSTRUCTION NO. 44**

**<u>Wrongful Death – Death of an Adult</u>**

If you decide that Plaintiffs have proved their claim against Defendants for the death of Norma Guzman, you also must decide how much money will reasonably compensate Plaintiffs for the death of Norma Guzman. This compensation is called "damages."

Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

The damages claimed by Plaintiffs fall into two categories called economic damages and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form.

Plaintiffs claim the following economic damages:

1.      Funeral and burial expenses.

Plaintiffs also claim the following noneconomic damages:

1.      The loss of Norma Guzman's love, companionship, comfort, care, assistance, protection, affection, society, moral support.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining Plaintiffs' loss, do not consider:

1.      Plaintiffs' grief, sorrow, or mental anguish;

2.      Norma Guzman's pain and suffering; or

3.      The poverty or wealth of Plaintiffs.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation. According to Vital Statistics of the United States, the average life expectancy of a 37-year-old

female is 45.5 years.  This published information is evidence of how long a person is likely to live but is not conclusive.  Some people live longer and others die sooner.

In computing these damages, consider the losses suffered by plaintiffs and return a verdict of a single amount for plaintiffs.

*Authority*:  CACI 3921

# PROPOSED JURY INSTRUCTION NO. 45

## <u>Elements of Claims under the ADA</u>

Plaintiffs claim that Defendants violated the Americans with Disabilities Act which prohibits discrimination against people with disabilities by public entities such as cities.

You must find in favor of Plaintiffs under the ADA if Plaintiffs show that:

(1)     Norma Guzman was a qualified individual with a disability,

(2)     Defendants denied Norma Guzman the benefits of Defendants' services, programs, or activities by failing to reasonably accommodate her disability in the course of the      investigation, detention or arrest, causing her to suffer greater injury or indignity in that process than other arrestees;

(3)     Such denial of benefits or discrimination was by reason of Norma Guzman's disability.

*Authority:* 42 U.S.C. § 12132; <u>Sheehan v. City & Cty. of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014)</u>, *rev'd in part on unrelated grounds,* <u>City & Cty. of San Francisco, Calif. v. Sheehan</u>, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015) (quoting <u>Barden v. City of Sacramento,</u> 292 F.3d 1073, 1076 (9th Cir. 2002)); <u>Weinreich v. L.A. County Metro. Transp. Auth.</u>, 114 F.3d 976, 978 (9th Cir. 1997); <u>Thomas v. Sacramento Cnty</u>., 2017 U.S. Dist. LEXIS 19504 (East. Dist. of Calif., 2017).

**PROPOSED JURY INSTRUCTION NO. 46:**

**<u>ADA—Physical or Mental Impairment</u>**

The first element of the ADA claim that the plaintiff must prove is that the plaintiff has a recognized disability under the ADA.  A "disability" under the ADA is a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include any mental or psychological disorder such as emotional or mental illnesses.

Major life activities are the normal activities of living that a nondisabled person can do with little or no difficulty, such as work, study and effectively communicate with their peers.

**PROPOSED JOINT INSTRUCTION NO. 47**

**<u>Measures of Types of Damages</u>**

In determining the measure of damages for the Estate, you should consider:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonable probability would have been experienced in the future; and

The mental, physical, emotional pain and suffering experienced after Norma Guzman was shot and prior to her death.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***Authority***:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017
edition, Section 5.2.

## PROPOSED JOINT INSTRUCTION NO. 48

### **Nominal Damages 5.6**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiffs but you find that the plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

1

2   ***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017 edition, Section 5.6.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JOINT INSTRUCTION NO. 49**

**<u>Argument is not Evidence</u>**

The arguments of the attorneys are not evidence. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

*Authority*:  CACI 3925.

## PROPOSED JOINT INSTRUCTION NO. 50

### <u>Duty to Deliberate 3.1</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2    ***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017 edition, Section 3.1.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2
## PROPOSED JOINT INSTRUCTION NO. 51

3
## <u>Consideration of Evidence – Conduct of the Jury 3.2</u>

4
Because you must base your verdict only on the evidence received in the

5
case and on these instructions, I remind you that you must not be exposed to any

6
other information about the case or to the issues it involves. Except for

7
discussing the case with your fellow jurors during your deliberations:

8
Do not communicate with anyone in any way and do not let anyone else

9
communicate with you in any way about the merits of the case or anything to do

10
with it. This includes discussing the case in person, in writing, by phone or

11
electronic means, via email, via text messaging, or any Internet chat room, blog,

12
website or application, including but not limited to Facebook, YouTube, Twitter,

13
Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies

14
to communicating with your family members, your employer, the media or press,

15
and the people involved in the trial. If you are asked or approached in any way

16
about your jury service or anything about this case, you must respond that you

17
have been ordered not to discuss the matter and to report the contact to the court.

18
Do not read, watch, or listen to any news or media accounts or

19
commentary about the case or anything to do with it; do not do any research,

20
such as consulting dictionaries, searching the Internet, or using other reference

21
materials; and do not make any investigation or in any other way try to learn

22
about the case on your own. Do not visit or view any place discussed in this case,

23
and do not use Internet programs or other devices to search for or view any place

24
discussed during the trial. Also, do not do any research about this case, the law,

25
or the people involved—including the parties, the witnesses or the lawyers—

26
until you have been excused as jurors. If you happen to read or hear anything

27
touching on this case in the media, turn away and report it to me as soon as

28
possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

***Authority***:  <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, 2017 edition, Section 3.2.

## PROPOSED JOINT INSTRUCTION NO. 52

### <u>Communication with Court 3.3</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 3.3.

**PROPOSED JOINT INSTRUCTION NO. 53**

**<u>Return of Verdict 3.5</u>**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Authority*:  Manual of Model Civil Jury Instructions for the Ninth Circuit, 2017 edition, Section 3.5.

Dated: November 6, 2017          BERNARD & BERNARD


                                 By:  /s/ Stephen Bernard
                                      Stephen Bernard
                                      Attorneys for Plaintiffs Eric Castaneda
                                      Guzman, Marcos Castaneda Rocha
                                      and Estate of Norma Guzman


Dated: November 6, 2017          CASILLAS & ASSOCIATES


                                 By:  /s/ Arnoldo Casillas
                                      Arnoldo Casillas
                                      Daniel W. Gillette
                                      Attorneys for Plaintiffs
                                      Estate of Norma Guzman and Gloria
                                      Gonazalez

Dated: November 6, 2017          MICHAEL N. FEUER, City Attorney
                                 THOMAS H. PETERS, Chief Assist City Atty
                                 CORY M. BRENTE, Supervising City Attorney

                                 By:      /s/ Christian R. Bojorquez
                                      Christian R. Bojorquez, Deputy City Attorney
                                 Attorneys for Defendant CITY OF LOS
                                 ANGELES and ANTONIO McNEELY

Dated: November 6, 2017          JONES & MAYER

                                 By:   /S/ James R. Touchstone
                                       James Touchstone, Esq.
                                       Denise L. Rocawich, Esq.
                                 Attorney for Defendant SAMUEL BRIGGS